STATE *v.* LEONARD WARD.

January Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 31, 1903.

*Criminal offense—Killing deer—Knowledge—Intent.*

In a prosecution for illegally killing a deer, it is no defence that the respondent was ignorant of the fact that the animal was without horns.

INFORMATION for illegally killing a deer. Plea, not guilty. Trial by jury at the December Term, 1902, Windham County, *Rowell,* C. J., presiding. Verdict and judgment, guilty. Sentence thereon and execution ordered. The respondent excepted.

*Gilbert A. Davis* for the respondent.

If the respondent killed this deer supposing it had horns, he could not be convicted. 1 Hale 39; Foster 259; 4 Archl. Cr. Pl. & Pr. 55, and note; Cro. Car. 538; 4 Blk. Com. 27; 1 Bish. Crim. L., s. 301; *Myers* v. *State,* 1 Conn. 592.

A mistake of fact excuses. Bish. St. Cr., s. 132; *Etheridge* v. *Cromwell,* 8 Wend. 629; *Stern* v. *State,* 53 Ga. 229; *Kramer* v. *State,* 106 Ind. 192; *Marshall* v. *State,* 49 Ala., 21; *Cutler* v. *State,* 36 N. J. L. 125.

*Herbert H. Blanchard,* State's Attorney, for the State.

The offense is purely statutory, and ignorance of fact will not excuse its violation. *State* v. *Hopkins,* 56 Vt. 250; *State* v. *White,* 64 Vt. 372; *State* v. *Tomasi,* 67 Vt. 312; *Halstead* v. *State,* 12 Vroom 552; *People* v. *Roby,* 52 Mich. 577; *Com.* v. *Connelly,* 163 Mass. 538.

STAFFORD, J. The respondent shot and killed a deer without horns, which was a thing forbidden by statute; and the question is whether the Court erred in telling the jury that, if the respondent intended to kill the very creature he did kill, it was no defense that he supposed it to be a deer with horns, which it would have been lawful for him to kill. The act was unlawful only because the statute made it so—*malum prohibitum.* The statute itself says nothing about knowledge. Was it necessary for the State to prove that the respondent knew that the deer was without horns? If not, it was no defense that the respondent was ignorant of the fact. Upon the question whether absence of intent is material in a prosecution for violating statutory regulations the authorities are said to be irreconcilably in conflict; but, however that may be, we are

disposed to adhere to the rule already laid down in *State* v. *Tomasi*, 67 Vt. 312, 31 Atl. 780: "If, to constitute an offense, knowledge of certain facts is essential, it must invariably be shown that the respondent has such knowledge; but if a statute makes an act penal without reference to knowledge, it is then unnecessary to show it, and ignorance of the fact is no defense. * * * * If a statute commands that an act be done or omitted which, in the absence of the statute, would be blameless, ignorance of the fact or state of things contemplated by the statute will not excuse its violation." In that case the statute forbade the sale of lager beer; and it was held that one who sold it could not defend upon the ground that he did not know that it was lager. It was enough that he intended to sell what he did sell. That case can hardly be distinguished from the present. In each the respondent had it in his power to find out what the fact was, or to refrain from acting until he had found out. The only distinction suggested is that a hunter must act with such celerity that he cannot take time to ascertain the fact without losing the game. But is not that an argument for the Legislature rather than for the Court? It may be pertinent to remark that if, as respondent's counsel contends, it is practically impossible for the hunter to tell whether the deer he is about to shoot has horns, then it would be practically impossible for the State to prove beyond a reasonable doubt that the respondent knew the deer to be one without horns; and that such a construction would nullify the statute.

*Judgment affirmed, and that the respondent take nothing by his exceptions.*