### Northern Rent-A-Car, Inc. v. William Conway, Commissioner

[464 A.2d 750]

No. 82-160

Present: Billings, C.J., Hill, Underwood and Gibson, JJ., and Larrow J. (Ret.), Specially Assigned

Opinion Filed June 15, 1983

*Paradis & Coombs*, Essex Junction, for Plaintiff-Appellant.

*John J. Easton, Jr.*, Attorney General, and *Thomas R. Viall*, Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Gibson, J.** Northern Rent-A-Car, Inc. [Northern] owns and operates a car rental business at the Burlington International Airport. Pursuant to V.R.C.P. 75, it appeals from an adverse determination by the Washington Superior Court, which upheld the Commissioner of Motor Vehicle's assessment of a purchase and use tax under 32 V.S.A. §§ 8901–8915. The tax was allegedly due as a result of a February 1980 transfer to Northern of rental vehicles from a sister corporation in exchange for 100% of Northern's stock. At the time of the transfer, both Northern and its sister corporation were wholly owned by a third party.

In its brief, Northern correctly states the narrow issue now before this Court: "In order for [Northern] to prevail in the instant case, the word 'individual' as stated in 32 V.S.A. § 8911(10) must be interpreted as including corporations."

For reasons detailed herein, we agree with both Commissioner Conway and the trial court that an individual is not a corporation, and therefore, we affirm.

None of the relevant facts are in issue; the parties to this appeal have stipulated to the corporate history of Northern. Further, the parties agree that, but for the possible exemption embodied in 32 V.S.A. § 8911(10), Northern would be liable for the purchase and use tax.

Section 8911(10), as then in force, read:

> The tax imposed by this chapter shall not apply to:
>
> (10) motor vehicles registered in Vermont by the transferor and transferred between that individual and a business entity controlled by him, if the transfer is exempt under section 351 of the United States Internal Revenue Code in effect July 1, 1966;

The trial court found, and we agree, that qualification for this purchase and use tax exemption requires the satisfaction of four elements: (1) the motor vehicles must be registered to the transferor prior to the transfer; (2) the transferor must be an individual; (3) the transferor must control the transferee business entity; and (4) the transfer must be exempt under I.R.C. § 351 (as codified at 26 U.S.C. § 351).

██ Directing our attention to element two, Northern argues that although "individual" is undefined in our statutes, the "obvious purpose of this exemption is to relieve taxpayers who have already paid a purchase and use tax, from paying a subsequent tax upon a tax free reorganization of the taxpayer's business." In analyzing this issue of statutory construction, we must keep in mind that the primary objective is to give effect to the intention of the legislature. *Wetterau, Inc.* v. *Department of Taxes,* 141 Vt. 324, 327, 449 A.2d 896, 897 (1982). Further, the plain and ordinary meaning of statutory language is presumed to be intended. *Id.*

██ The legislature's choice in providing a tax exemption to individuals affords us with little leeway for statutory construction. The term "individual" has a "well understood and common meaning. Words in a statute without definition are to be given their plain and commonly accepted use." *Eastern Ad-*

*vertising, Inc.* v. *Cooley,* 126 Vt. 221, 223, 227 A.2d 294, 295 (1967).

Black's Law Dictionary provides this Court with just such a common definition.

> As a noun, this term denotes a single person as distinguished from a group or class, and also, very commonly, a private or natural person as distinguished from a partnership, corporation, or association; but it is said that this restrictive signification is not necessarily inherent in the word, and that it may, in proper cases, include artificial persons.

Black's Law Dictionary (5th ed. 1979).

Northern's suggestion that the legislature intended an unusual definition for "individual," yet neglected to provide any hint of its plan, is unpersuasive. We note that the word "person," as it applies to purchase and use taxes, is defined in 32 V.S.A. § 8902(7) as follows: "any individual, firm, partnership . . . or corporation." Clearly, the legislature intended to differentiate between individuals and corporations.

■ Further proof that the legislature was well aware of the definition and the restrictive class of taxpayer thereby entitled to purchase and use tax relief is found in the 1982 amendment to 32 V.S.A. § 8911(10). As now amended, the exemption applies to transfers between a qualified "individual or partnership and a business entity controlled by the transferor . . . ." The legislature could easily have added an exemption for corporations by the same amendment, if it had so intended. Given the recent adjustment to the subsection in issue and the plain meaning of the terms employed, we will not judicially expand § 8911(10) to include corporations like Northern.

■ In view of the necessity that all four statutory criteria must be met to qualify for the purchase and use tax exemptions, and our holding that Northern is not an "individual" within the ambit of 32 V.S.A. § 8911(10), we need not reach the other claims of error raised by appellant. However, we do note, finally, that the claimed equal protection violation is without merit. Where, as here, no fundamental rights or suspect classes are involved, the legislature is constitutionally permit-

ted to grant tax exemptions to specific groups so long as it has a "rational basis" for its acts, and is not being wholly arbitrary or capricious. See *Hadwen, Inc.* v. *Department of Taxes,* 139 Vt. 37, 42, 422 A.2d 255, 258 (1980). Northern has not carried its "very weighty burden" of voiding a taxing measure on equal protection grounds. *Governor Clinton Council, Inc.* v. *Koslowski,* 137 Vt. 240, 245, 403 A.2d 689, 693 (1979).

*Affirmed.*