## Theodore E. Hinckley, Jr. v. Town of Jericho

[543 A.2d 260]

No. 86-309

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed February 19, 1988

*Theodore E. Hinckley, Jr.,* pro se, Julian, North Carolina, Plaintiff-Appellant.

*Kolvoord, Overton & Wilson,* Essex Junction, for Defendant-Appellee.

**Dooley, J.** Plaintiff appeals from a decision of the Vermont State Board of Appraisers that 4.7 acres of land owned by plaintiff in the Town of Jericho should be listed at $18,300, which it

also found to be the fair market value of the land. This amount is $5,000 higher than the listed value set by the board of civil authority of the town and over four times the former listed value. The reason for much of the increase is that the town had erroneously believed the land was only one acre in size, and corrected the lot size for the year in question.

At the hearing before the board, a town lister identified the parcel from a tax map, described the listing process and provided information on four nearby properties which the town believed were comparables. The plaintiff appeared pro se and stated a number of objections to the town's assessment. Some of these were based on the past course of dealings between him and the town. Others, including a challenge to the reappraisal process that produced the listing that he appealed, were based on his view that the property was listed above fair market value. Plaintiff offered no comparables but pointed to three parcels of land, on which he had no information, that were assessed at a lower value per acre than his land. Plaintiff agreed with the identification of his parcel from the tax map.

The board arrived at its determination after viewing the subject property and the comparables offered by the town. It found that the properties cited by the town were in fact comparable and, based on their listing and the other evidence before it, determined the fair market value of plaintiff's property. In the absence of evidence to the contrary, it found an equalization ratio of 100%.

Plaintiff presents scattershot objections to the board proceedings and the result under three headings: (1) he did not receive a full and fair hearing; (2) the decision relied on documents not in evidence; and (3) his property was improperly valued. We have carefully considered each of plaintiff's arguments and affirm.

█ None of plaintiff's arguments as to the notice of the hearing or the procedures followed at the hearing were objected to before the board. Thus, because they were not preserved below, they cannot be considered by this Court on appeal. See *In re Johnston,* 145 Vt. 318, 321, 488 A.2d 750, 752 (1985). Even though the issues were not preserved, we have looked at each of them to determine whether there were errors of such magnitude as to make the proceedings fundamentally unfair. See V.R.C.P. 61. The issues raised by plaintiff are largely technical and, if there is any error, it did not make the proceedings as a whole unfair.

■ Under the heading of lack of fair hearing, plaintiff has also contested the findings of fact. It is the duty of the board " 'to sift the evidence and make a clear statement so that the parties and this Court will know what was decided and how the decision was reached.' " *Shetland Properties, Inc.* v. *Town of Poultney*, 145 Vt. 189, 192, 484 A.2d 929, 931 (1984) (quoting *Chelsea Limited Partnership* v. *Town of Chelsea*, 142 Vt. 538, 540, 458 A.2d 1096, 1097 (1983)). Once the board complies with this duty, we must accept the findings of fact unless they are clearly erroneous. In this case, we cannot say that the findings are clearly erroneous on any matter of consequence to the decision. See *Kruse* v. *Town of Westford*, 145 Vt. 368, 375, 488 A.2d 770, 774 (1985). Plaintiff cannot prevail on this ground.

■ Plaintiff's second issue area involves the admission into evidence of two documents as exhibits. The decision of the board indicates the exhibits—a land schedule and a tax map—were admitted into evidence. The transcript does not show the admission of the tax map and is ambiguous as to the admission of the land schedule. We cannot say that the board's finding that it admitted the land schedule is erroneous. Most important, the record shows that plaintiff was offered an opportunity to look at and respond to the schedule.

With respect to the tax map, we can find no use of the map except to locate plaintiff's land and the properties found comparable. There is no prejudice to plaintiff by the admission of the map. See *In re T.D.*, 149 Vt. 42, 538 A.2d 176 (1987); *In re R.L.*, 148 Vt. 223, 226, 531 A.2d 909, 911 (1987) (while juvenile decision is based on unadmitted SRS report, no error if parents are not prejudiced).

■ In his third issue area, plaintiff challenges the board decision on the merits. Two of his challenges involve the motive for the town's appraisal. These issues are now irrelevant since the board conducted an independent de novo appraisal. His final challenge is that the property is mischaracterized and should be valued as a farm rather than at a value determined by its development potential. The board viewed the property, as well as those it found comparable, and determined the fair market value. As we stated recently in *Kachadorian* v. *Town of Woodstock*, 149 Vt. 446, 448-49, 545 A.2d 509, 511 (1988), "[i]t is within the province of the Board to determine fairly, justly and equitably the fair market value of the subject property according to the evidence

presented. We will not disturb a determination of fair market value unless an error of law exists." (Citations omitted). Here, the value found by the board is supported by the evidence and must stand. The characterization of the property as a farm, even if accepted, affects use value, not fair market value, which is the standard for listing in Vermont. See 32 V.S.A. §§ 3481(1) (to determine fair market value consideration is given to "use both potential and prospective"); 3481(2) (" '[l]isted value' shall be an amount equal to 100 percent of the appraisal value.").

*Affirmed.*