Anthony A. AUSTIN v. Marlene J. GARCEAU as Administratrix of the Estate of Robie A. Garceau

[619 A.2d 441]

No. 91-484

November 2, 1992. Plaintiff appeals from a superior court decision dismissing his negligence action against the administratrix of the estate of Robie A. Garceau for failure to file within the statute of limitations. We affirm.

Plaintiff was a passenger in a car driven by defendant's decedent and was injured in a one-car accident on September 13, 1987. Defendant was appointed administratrix of the Garceau estate on July 12, 1988, and the present negligence action was begun on September 7, 1990. Defendant moved to dismiss pursuant to V.R.C.P. 12(c) on grounds that the action had not been filed within two years of her appointment as administratrix, as required by 12 V.S.A. § 557(a). Plaintiff responded that while the complaint itself was not filed within the limitations period, two other documents had been submitted within the two-year period that constituted a "proper presentation of a claim" within the meaning of the last clause of 14 V.S.A. § 1202, which states as follows:

> For purposes of any statute of limitations, the proper presentation of a claim under section 1204 of this title is equivalent to commencement of a proceeding on the claim.

14 V.S.A. § 1204(1) states in relevant part as follows:

> (1) The claimant shall deliver to the executor or administrator a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, and shall file a copy of the claim with the probate court. The claim is deemed presented on the first to occur of receipt of the written statement of claim by the executor or administrator, or the filing of the copy of the claim with the court. If a claim is not yet due, the date when it will become due shall be stated. . . .

The trial court found that "the proper presentation of a claim under section 1204" was never made and concluded that the action was barred by the two-year statute of limitations. The present appeal followed.

Plaintiff first argues that the trial court erred in considering the statute of limitations issue on defendant's V.R.C.P. 12(c) motion. On the contrary, Rule 12(c) is well suited to such questions. It states that "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Thus, the court had a broad mandate to examine the chronology of events relevant to the limitations issue. See 5 C. Wright & A. Miller, Federal Practice & Procedure § 1277 (1986).

On the merits, plaintiff argues first that two letters, taken together, constitute compliance with the requirements of § 1204.[1] The first of these

---

[1] Defendant argues that the option of presenting a claim under 14 V.S.A. § 1202 does not apply to plaintiff in any case, since this section only applies where § 1203 is applicable, citing *Martel v. Stafford*, 157 Vt. 604, 603 A.2d 345 (1991), and plaintiff concedes that § 1203 does not apply to

was written on January 17, 1990, by Michael Gawne, a member of the law firm representing plaintiff, to the administratrix, stating, inter alia, that his partner, David Miller, "was approached by Anthony Austin about a personal injury claim Anthony wishes to file against the insurance company insuring Robie." But the principal purpose of this letter was to advise the administratrix of a possible conflict within the firm, since Gawne represented the estate. The second letter was written on February 12, 1990, by attorney Miller to the adjuster for decedent's insurance company, noting the adjuster's settlement offer, describing plaintiff's injuries, setting forth his demand, and closing with the request "to discuss the matter with you to determine how close we are to settling, before filing the complaint."

Neither letter satisfies the requirements of § 1204, nor do the letters, taken together, meet those requirements. The Gawne letter of January 17, 1990 was sent to the administratrix, but related to a possible conflict of interest, rather than to a statement of a claim, and clearly omitted the basic facts about the claim required under § 1204(1). It states that Austin's claim, if any, would be against the insurance company and only that "suit against the estate *may* be necessasry." (Emphasis supplied.) The Miller letter to the insurance adjuster was not delivered "to the executor or administrator," at all, nor was it filed with the probate court. Plaintiff argues that strict compliance with § 1204 is not re-

quired. While that proposition may be true in some circumstances,[2] the two letters relied on by plaintiff are so deficient in detail that they do not warrant description as statements of claim at all. Each contains some information about the facts of this case, but neither communication would have put the administratrix on notice that a claim was being filed against the estate.

Finally plaintiff argues that the statute of limitations should be deemed tolled because of the four-month tolling provision of 14 V.S.A. § 1202. This argument was not presented at trial and will not be considered here for the first time. *Brody v. Barasch,* 155 Vt. 103, 111–12, 582 A.2d 132, 137 (1990).

*Affirmed.*

---

the present case. Since we conclude that plaintiff did not present a claim under §§ 1202 and 1204, we need not reach the issue of the applicability of these provisions to this case.

[2] The last clause of § 1204(1), e.g., does not bar claims because of errors in the description of security underlying a secured claim, the uncertainty about a contingent claim, or the due date of a claim not yet due.