**STATE of Vermont v. Scott MOBBS**

[740 A.2d 1288]

No. 98-333

September 9, 1999. Defendant Scott Mobbs appeals his conviction of taking a moose in closed season in violation of 10 V.S.A. App. § 31(f). On appeal from Chittenden District Court defendant argues (1) the court erred in not requiring the State to prove specific intent to take a moose as an element of the offense, and (2) the statute is void for vagueness. We affirm.

On October 12, 1997, defendant was bow hunting for deer in the Richmond area. While in the woods, defendant heard a noise, looked up, and glimpsed what he thought was a deer. From approximately twenty-five yards, defendant shot his arrow hitting the hind quarters of the animal. As the animal ran away, defendant realized he had shot a moose, not a deer. For the entire year of 1997, there

was no open season for moose in Richmond.

Later that day, the owner of the property on which defendant was hunting found the wounded moose bleeding from its hind quarters. The owner recorded the license plate numbers of the vehicles on the property and contacted the Richmond police. Several days later, the property owner and state game warden searched the area for the injured moose and found the moose dead. Based on the vehicle information obtained from the landowner, the game warden located defendant and questioned him about the moose. Defendant admitted to the warden that he had mistakenly shot the moose thinking it was a deer.

Defendant was charged with taking a moose in closed season in violation of 10 V.S.A. App. § 31(f). Read in pari materia with the definitions of "taking" and big game violations, § 31(f) states, "game animals . . . may be taken only during the period specified." As defined by 10 V.S.A. § 4001(23), "taking" an animal means "pursuing, shooting, hunting, killing, capturing, trapping [or] snaring." Because a moose is defined as "big game," 10 V.S.A. § 4001(31), defendant was sentenced pursuant to 10 V.S.A. § 4518 (providing penalties for violations of provisions relating to taking big game).

Defendant filed two motions to dismiss. In the first, defendant argued that the State would be unable to prove that he was motivated by any criminal intent when he shot at the moose. Defendant's second motion contended the statute was void for vagueness because the language did not provide a reasonable opportunity to know what conduct was prohibited. The court denied both motions. After a finding of guilty by the court, defendant renewed his pretrial motions. The court again denied the motions and imposed a $300.00 fine and a $250.00 restitution payment. The sentence was stayed pending this appeal.

Defendant's central claim is that the court erred in not requiring the State to prove that defendant had the specific intent to shoot a moose. Defendant argues that because he intended to perform a lawful activity in taking a deer, he cannot be guilty of taking a moose. The "starting point in the search for the mental element required for conviction of any particular crime is the intent to do the deed which constitutes the actus reus of that offense." *State v. Mott*, 166 Vt. 188, 196, 692 A.2d 360, 366 (1997). Here, defendant argues that the deed which constituted the actus reus for a violation of § 31(f) was the intent to take a moose. We disagree. The "deed" was the shooting of the game, an act defendant conceded he intended to do. See *Mott*, 166 Vt. at 196, 692 A.2d at 366 (defendant charged with sending letter in violation of abuse prevention order need possess only intent to send letter, not intent to violate order).

Defendant argues that he did not know the animal was not a deer. However, his knowledge regarding whether the animal was a moose or a deer is immaterial. See *State v. Ward*, 75 Vt. 438, 56 A. 85 (1903) (if statute makes offense criminal without regard to knowledge, then ignorance of fact no excuse). The defendant in *Ward* shot at an animal he believed was a deer with antlers — a lawful activity — but which in fact was a deer without antlers — an unlawful activity. We affirmed defendant's conviction in *Ward*, holding that defendant's error did not eradicate his culpability. We noted defendant "had it in his power to find out what the fact was, or to refrain from acting until he had found out." *Id.* at 440, 56 A. at 85.

Here too, defendant had the ability to make certain that he was shooting at a deer. During trial, defendant admitted to taking quick aim and shooting. After only a glimpse of the animal, defendant shot through a small pocket in the trees, intending to kill the animal he was aiming at. He did not attempt to ascertain the

facts before shooting. Defendant's actions, characterized by the trial court as "shooting on the blind," resulted in the very activity the legislature sought to prohibit — the killing of moose in prohibited season. Defendant's presence in the woods with the intent to take game exposed him to a risk of liability if he failed to ensure he was shooting at the correct animal.

Allowing defendant to prevail on the argument that specific intent was required to be culpable for killing the moose would nullify the statute. Although the statute must be construed in a light most favorable to the accused, it should not frustrate the statutory purpose or lead to absurd consequences. See *State v. Sidway*, 139 Vt. 480, 484, 431 A.2d 1237, 1239 (1981). If the defense were allowed, every violation of the statute could be defended on the ground that the thing killed was not the thing intended to be killed. Proof beyond a reasonable doubt that defendant knew he was killing prohibited wildlife rather than wildlife in season would be nearly impossible. See *Ward*, 75 Vt. at 440, 56 A. at 85 (rejecting defendant's argument that a hunter cannot possibly know whether the deer he intended to shoot had horns).

Defendant's final argument concerns the constitutionality of 10 V.S.A. § 4001(23). Defendant contends the statute, which defines "taking," is void for vagueness because it does not give a person of ordinary and reasonable intelligence notice of criminally proscribed conduct. We disagree. A statute is not unconstitutionally vague if it informs a person of ordinary intelligence what conduct is proscribed and if it avoids arbitrary and discriminatory enforcement.

See *State v. Cantrell*, 151 Vt. 130, 133, 558 A.2d 639, 641 (1989). Defendant does not argue the statute is arbitrary or discriminately enforced; thus our analysis concerns only whether reasonable notice of prohibited conduct was provided.

The definition of "taking" provides in relevant part "[t]ake and taking: pursuing, shooting, hunting, killing, capturing, trapping, snaring and netting fish, birds and quadrupeds and all lesser acts, such as disturbing, harrying or worrying or wounding or placing, setting, drawing or using any net or other device commonly used to take fish or wild animals . . . ." 10 V.S.A. § 4001(23). Given that First Amendment interests are not at issue here, the statute must be examined in the factual context presented by the particular case. See *State v. Roy*, 140 Vt. 219, 229, 436 A.2d 1090, 1095 (1981); see also *Cantrell*, 151 Vt. at 133, 558 A.2d at 641. The fact that the statute does not explicitly warn hunters of possible liability in misidentifying an animal does not prove the statutory language is vague. To avoid a vagueness challenge, a statute need not specifically detail each and every prohibited act. See *State v. Oren*, 162 Vt. 331, 336, 647 A.2d 1009, 1012 (1994); *Brody v. Barasch*, 155 Vt. 103, 111, 582 A.2d 132, 137 (1990). As long as the defendant reasonably knew of the proscribed conduct in the statute, the regulation will be upheld. See *Oren*, 162 Vt. at 336, 647 A.2d at 1012. The statute expressly delineates and prohibits the methods that would constitute a taking of moose. The statute provided adequate notice to defendant of prohibited conduct, and defendant cannot complain that 10 V.S.A. § 4001(23) is unconstitutionally vague as applied.

*Affirmed.*