824 A.2d 593 (2003)
2003 VT 41
In re S.M.
No. 02-214.
Supreme Court of Vermont.
April 1, 2003.
Present AMESTOY, C.J., DOOLEY, SKOGLUND and FREDERIC W. ALLEN, C.J., (Ret.) Specially Assigned, and ERNEST W. GIBSON III, J., (Ret.) Specially Assigned.

*594 ENTRY ORDER

¶ 1. Appellants, parents of S.M., appeal from an administrative decision by a hearing officer disallowing S.M.'s enrollment in a home study program on the grounds that appellants failed to comply with 16 V.S.A. § 166b, in particular, that appellants did not provide "independent professional evidence" of the existence or nonexistence of a disability as required by 16 V.S.A. § 166b(a)(4). Appellants contend that the hearing officer's interpretation of § 166b(a)(4) violates the plain meaning of the statute, contravenes the legislative intent behind the statute, is contrary to this Court's holding in In re T.M., 171 Vt. 1, 756 A.2d 793 (2000), and makes the statute unconstitutionally vague. They argue that § 166b(a)(4) requires only that the child be evaluated by an appropriate professional and that the Vermont Department of Education (VDE) be provided with evidence that the evaluation has occurred along with the professional's conclusion about whether the child is handicapped. We affirm.
¶ 2. The material facts are not in dispute. S.M. is a six-year-old child who has not been previously enrolled in a Vermont public school or a Vermont home study program. On February 4, 2002, appellants submitted a notice of S.M.'s enrollment in home study to the VDE, pursuant to 16 V.S.A. § 166b(a). As part of the enrollment notice, appellants submitted a preprinted form designed by the Home School Legal Defense Association (the "HSLDA form") entitled "Evidence Concerning Lack of Handicap." This form provides a statement by a professional that the child is or is not handicapped, along with the professional's credentials and signature. The form does not indicate that any screening for disability has occurred or the date on which the individual signing the form last saw the child. At the bottom of the form is the statement "This is not an authorization to release confidential information." The HSLDA form submitted for S.M. was signed by Joanne Pye, a Vermont Early Childhood/EEE certified teacher, and dated January 28, 2002.
¶ 3. Believing that the HSLDA form was all that was required to satisfy 16 V.S.A. § 166b(a)(4), appellants chose not to file Form B, a nonmandatory form that allows parents to provide detailed information on the disability screening, including the screening method, the date of the screening, the results of the screening, and an opinion as to whether further screening is necessary. This form is part of the Department's Guidelines for Home Study, which is included in a packet of information sent to home schoolers and which also contains descriptions of a variety of formal and informal screenings that may be utilized.
¶ 4. On February 15, 2002, the VDE's home study coordinator wrote to appellants and informed them that S.M.'s home study enrollment was incomplete, and requested by means of an attached checklist that they provide information concerning the method of screening for disability that was utilized. On March 19, 2002, after appellants had failed to provide the information requested, the Commissioner of Education called a hearing pursuant to 16 V.S.A. § 166b(e). The parties stipulated to facts, and the hearing officer concluded that the HSLDA form did not provide the "independent professional evidence on whether the child is handicapped" required by § 166b(a)(4). The hearing officer thus disallowed the home study enrollment for S.M. until such time as appellants provided information concerning the method of screening for disability used by Ms. Pye and the date of the screening. This appeal followed.
¶ 5. Appellants' primary argument on appeal is that the hearing officer erred in *595 interpreting § 166b(a)(4) to require appellants to provide the VDE with more evidence than simply that the professional concluded that the child is or is not handicapped. They contend that the hearing officer's interpretation of § 166b(a)(4) violates the plain meaning of the statute, contravenes the legislative intent behind the statute, is contrary to this Court's holding in In re T.M., 171 Vt. 1, 756 A.2d 793 (2000), and makes the statute unconstitutionally vague.
¶ 6. "Absent compelling indications of error, interpretations of administrative regulations or statutes by the agency responsible for their execution will be sustained on appeal." In re Capital Inv., Inc., 150 Vt. 478, 482, 554 A.2d 662, 664 (1988). We find no compelling indications of error here.
¶ 7. As we stated in In re T.M., the enrollment process laid out in the Vermont home study statute "reflects a careful balance between the interests of the state in ensuring that students receive an adequate education, and the right of parents to direct the education of their children." 171 Vt. at 8, 756 A.2d at 798. Parents are thus free to craft a home study program for their child, see 16 V.S.A. § 166b(i) ("Nothing in this section requires that a home study program follow the program or methods used by the public schools"), so long as the program provides the child with a "minimum course of study," as defined in 16 V.S.A. § 906, that is "adapted in each area of study ... to the age and ability of each child and adapted to any handicapping conditions of the child." Id. § 166b(i). To this end, although the Vermont home study statute is a notice-enrollment rather than an application-approval regulation, and thus "place[s] the burden on the State to preclude enrollment solely by means of a noticed hearing," In re T.M., 171 Vt. at 7, 756 A.2d at 797, the Commissioner is empowered to call a hearing if he has significant doubt about whether the home study program can or will provide a minimum course of study, in which case it is up to the parents to establish that the home study program will provide the student with such a course of study. 16 V.S.A. § 166b(e).
¶ 8. The requirement of 16 V.S.A. § 166b(a)(4) that parents provide "independent professional evidence" on whether the child is handicapped must be viewed in the context of this statutory scheme. The purpose of identifying home study students with disabilities is to ensure compliance with the requirement that home study curricula be adapted to student disabilities in each area of the minimum course of study. See 16 V.S.A. § 166b(i). Yet, as the hearing officer stated:
[W]ithout verification that some type of screening for disabilities has occurred there is simply no means for the Department to determine that the professional can actually render an opinion regarding the existence of a disability. In addition, information concerning the method of screening, its results and whether the child is in need of further screening is essential to a determination as to whether a curriculum should be adapted and what sort of adaptations are necessary.
In order for the Commissioner to fulfill the statutory duty to ensure that the home study program provides the student with a minimum course of study, VDE must be provided with sufficient information to show whether the child is handicapped. The bare, conclusory opinion of a professional is insufficient for the Commissioner to make the required determination.
¶ 9. This reading of 16 V.S.A. § 166b(a)(4) is consistent with the plain meaning of the statutory language. Since the term "evidence" is not defined in the statute, it retains its plain and commonly *596 accepted meaning. N. Rent-A-Car, Inc. v. Conway, 143 Vt. 220, 222, 464 A.2d 750, 751 (1983). "Evidence" is commonly defined as "[a] thing or things helpful in forming a conclusion or judgment," American Heritage Dictionary 617 (4th ed.2000), or "that which tends to prove or disprove something; ground for belief; proof." Random House Unabridged Dictionary 672 (2d ed.1993). Given the deference we accord VDE's interpretation of the statute, we conclude that VDE's interpretation that the conclusory statement of the professional alone is not sufficient "independent professional evidence" of lack of handicap must be sustained.
¶ 10. We need not, however, rely only upon the plain meaning of § 166b(a)(4) alone. If, based on the information provided, the Commissioner has "significant doubt" whether the home study program will provide a minimum course of study, the Commissioner can call a hearing and require the home study program to prove it will provide a minimum course of study. 16 V.S.A. § 166b(e). Thus, the Legislature intended that the Commissioner be satisfied of the minimum course of study beyond significant doubt. In essence, by requiring information about the professional's basis for the opinion that the child is not handicapped, the Commissioner is saying that a bare conclusory opinion statement is not sufficient to remove significant doubt. We find no grounds to second-guess this reasonable application of the Commissioner's authority.
¶ 11. Nothing in our decision in In re T.M. is contrary to this interpretation of the statute. In T.M., we held that the State can preclude enrollment in a home study program only by means of a noticed hearing. 171 Vt. at 7, 756 A.2d at 797. Thus, since the State failed to order a hearing within forty-five days of receipt of the notice of enrollment as required by 16 V.S.A. § 166b(b)(2), T.M. became automatically enrolled in a home study program and therefore could not be considered truant under 33 V.S.A. § 5502(a)(12)(C). In re T.M., 171 Vt. at 8-9, 756 A.2d at 798. In reaching this conclusion, we emphasized that the Vermont home study statute is a notice-enrollment rather than an application-approval regulation. Id. at 6-7, 756 A.2d at 797. The Commissioner and VDE complied with the requirements of T.M. in this case by calling a hearing on whether appellants had properly enrolled S.M. rather than denying enrollment. Nowhere did we suggest in T.M. that Vermont and other "notice" states lacked any enforceable standards for home study programs. To the contrary, we specifically recognized that the statute imposes certain requirements on parents, and that the Commissioner is empowered to determine whether a home study program complies with the statute in providing a minimum course of study, and to prevent enrollment through a noticed hearing if the program is not in compliance. Id. (citing 16 V.S.A. § 166b(e)). Appellants' characterization of VDE's role in the enrollment process as merely a "ministerial function" is inaccurate.
¶ 12. Similarly, we reject appellants' contention that the VDE's interpretation of 16 V.S.A. § 166b(a)(4) makes the home study statute into an application-approval provision by giving the VDE the authority to approve or disapprove the home study enrollment based on its own evaluation of the professional's data. At best, appellants' criticism is premature. As the hearing officer stated, "by requesting the method of screening and the date the screening occurred, the Department is not mandating a particular type of screening, or kind of professional required or use of a preapproved list of professionals. The Department has asked the parents to submit the data or basis for the teacher's opinion *597 and nothing more." We recognize that appellants fear that the VDE will go further and begin judging the merits of the conclusion of the independent professional. If that occurs, the parents involved can contest the VDE's action. This is not that case.
¶ 13. In further support of their interpretation of 16 V.S.A. § 166b(a)(4), appellants argue that 16 V.S.A. § 166b is a penal statute that must be strictly construed against the VDE. Penal statutes are generally to be strictly construed against the State. State v. Oliver, 151 Vt. 626, 629, 563 A.2d 1002, 1004 (1989). However, nothing in the home study statute empowers VDE or a hearing officer to issue an order that has direct penal consequences. It simply establishes a governmental reporting requirement, much as any regulatory law. If the reporting requirement has penal consequences, it is because the person involved refuses to make the required report. Thus, in the home study context, only if the Commissioner disallows enrollment following a noticed hearing, and the parents refuse to provide the required information, and the parents then choose to ignore Vermont's compulsory attendance requirement, see 16 V.S.A. § 1121, by failing to enroll their child in a public or private school, will any penal consequences under the truancy law ensue. See id. §§ 1126-1127. We reject appellants' characterization of the statute at issue as a penal statute. See State v. Blondin, 164 Vt. 55, 57 n. 1, 665 A.2d 587, 589 n. 1 (1995) (finding that 13 V.S.A. § 7031, which requires a court to establish a minimum and maximum term and to give credit for time served, is "primarily administrative in nature and not truly penal because it neither defines an offense nor prescribes a punishment").
¶ 14. Appellants' final argument on appeal is that under the hearing officer's interpretation of 16 V.S.A. § 166b(a)(4), the statute is unconstitutionally vague because it fails to notify parents as to what is required for enrollment and permits arbitrary enforcement. "A statute or ordinance is void for vagueness when it either forbids or requires the doing of an act in terms so vague that persons of common intelligence must guess at its meaning and differ as to its application." Richards v. Nowicki, 172 Vt. 142, 150, 772 A.2d 510, 517 (2001). We find no unconstitutional vagueness.
¶ 15. We need not reach whether § 166b(a)(4), standing alone without reference to agency guidelines and procedures, is vague. The void-for-vagueness test is less strict where we are not dealing with a criminal statute and the person governed by it can "seek clarification of its meaning or resort to administrative processes." Rogers v. Watson, 156 Vt. 483, 491, 594 A.2d 409, 414 (1991). Thus, we are unlikely to intervene for persons who "had the opportunity to clarify their responsibilities and did not use it." Id.; see also Richards, 172 Vt. at 151, 772 A.2d at 518 (provision of septic ordinance not void for vagueness where town provided clarification and both parties offered evidence in response); Benning v. State, 161 Vt. 472, 484, 641 A.2d 757, 763 (1994) (failure to seek guidance on applicability of safety statute is fatal to facial challenge on statute). A statute need only be "sufficiently clear to give a person of ordinary intelligence a reasonable opportunity to know what is proscribed" using the means available. Body v. Barasch, 155 Vt. 103, 110, 582 A.2d 132, 137 (1990).
¶ 16. Here, the statute, and its application, are constructed to clarify the responsibility of the parents. The VDE publishes guidelines that show the information it needs for enrollment, and these guidelines clarified the information the *598 VDE needed to show the child was not handicapped. If the VDE determines that the parent's enrollment information is incomplete, it must specifically identify the information which it has determined is missing. See 16 V.S.A. § 166b(b)(1). As we held in T.M., if it wants to deny the enrollment because of incomplete information, it must call a hearing to determine compliance. See id. § 166b(e). The hearing officer's decision following the hearing specifies the grounds for disallowing enrollment. See id. § 166b(h). Here, the guidelines and the notice from the VDE told the parents exactly what was expected of them. The hearing officer's decision specified what they failed to provide. They cannot claim that the statute is fatally vague in light of the specific instructions of the VDE and the hearing officer.
¶ 17. Despite the specific ruling in this case, appellants argue that the VDE's ruling in this case cannot provide the requisite clarification because it has acted inconsistently in other cases. The inconsistent actions may undermine the weight that we give to the agency's interpretation of the statute, but do not make the statute vague. "Consistency, of course, is a virtue both in administrative and in judicial determinations but inconsistencies in determinations arising by comparison are not proof of arbitrariness or capriciousness." Seebach v. Pub. Serv. Comm'n, 97 Wis.2d 712, 295 N.W.2d 753, 761 (App.1980) (citations omitted).
Affirmed.