# Bruce A. Corrette v. Town of St. Johnsbury

[437 A.2d 1112]

No. 292-80

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed November 3, 1981

*Gensburg & Axelrod,* St. Johnsbury, for Plaintiff.

*Zuccaro & Willis,* St. Johnsbury, for Defendant.

**Billings, J.** This is a tax appeal by the plaintiff-landowner, Bruce A. Corrette, from the 1979 grand list appraisal of the Town of St. Johnsbury. The plaintiff owns real estate on Hospital Drive in St. Johnsbury, Vermont, consisting of two brick office buildings. The Board of Listers determined the fair market value to be $191,430.00. On appeal to the Board of Civil Authority, pursuant to 32 V.S.A. § 4404, no change was made in the valuation. On appeal to the Director of the Division of Property Valuation and Review of the Vermont Tax Department, pursuant to 32 V.S.A. § 4461, the appraisal was reduced to $174,000.00. From this decision plaintiff appeals.

Plaintiff claims that the appraisal is inequitable when compared with comparable properties and that the Vermont State Board of Appraisers erred in failing to make specific findings of fact sufficient to support its conclusions. He also claims it erred in relying on the opinion of the defendant's expert witness because he made a mathematical error in arriving at his opinion which caused the valuation to be too high.

The Board after a de novo hearing is obliged to make findings of facts supporting its ultimate determination of value. 32 V.S.A. § 4467. In making findings of fact the Board has a duty to sift the evidence and make a clear statement so that the parties and this Court will know what was decided and how the decision was reached. A recitation of the testimony is not a finding of fact, and such a recitation will not support a judgment. *Rutland Country Club, Inc.* v. *City of Rutland,* 140 Vt. 142, 147, 436 A.2d 730, 732 (1981) ; *Valsangiacomo* v. *Page & Campbell, Inc.,* 136 Vt. 278, 279–80, 388 A.2d 389, 390–91 (1978); *Krupp* v. *Krupp,* 126 Vt. 511, 514, 236 A.2d 653, 655 (1967). 32 V.S.A. § 4467 mandates the use of comparable property values, and where as here this is the principal issue, the Board must make specific findings in that regard. *Schweizer* v. *Town of Pomfret,* 134 Vt. 436, 437, 365

A.2d 134, 135 (1976); *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 141, 300 A.2d 891, 896 (1973).

In the case at bar, the Board in making its findings merely "set forth" the positions of both parties and the evidence in support of their claims and only made positive findings in respect to the descriptions of the real estate involved. In addition, the Board found as facts all of the comparables testified to by all of the parties but made no reference to the specific individual properties used in evidence. Absent specific findings as to comparables and absent positive findings on the evidence presented, the Board's conclusions are unsupported. Without findings of facts sufficient to support its conclusions, the Board committed reversible error.

The Board admitted into evidence the appraisal report of the defendant's expert which included his valuations by using three separate methods of valuation and then applying a sales ratio factor of seventy-nine per cent. Under the cost approach he reported a net valuation of $205,751.00. It is clear that the expert made a mathematical error in applying the sales ratio factor and that his valuation should have been $170,319.00. His ultimate opinion was approximately $9,000.00 in excess of the average of the three approaches on which he relied, and there was no other credible evidence supporting his conclusion. The Board erred in using the erroneous fair market value figure of the expert in determining the appraised value.

*Reversed and remanded.*