191 N.J. Super. 489 (1982)
467 A.2d 1092
HUDSON TERRACE APARTMENTS, PLAINTIFF-RESPONDENT,
v.
BOROUGH OF FORT LEE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1982.
Decided September 29, 1982.
*490 Before Judges BOTTER and POLOW.
Anthony Andora argued the cause for appellant (Andora, Palmisano, DeCotiis & Harris, attorneys; Joel M. Ellis of counsel and on the brief).
Edward G. Rosenblum argued the cause for respondent (Rosenblum & Rosenblum, attorneys; Edward G. Rosenblum on the brief).
PER CURIAM.
This appeal involves the application of the Freeze Act, N.J.S.A. 54:2-43, to the 1978 and 1979 assessments of plaintiff's property based upon a judgment entered on appeal of the assessment for the tax year 1977. The judgment reduced the total assessment of land and improvements to $3,282,840 by reducing the assessment on the improvements from $3,451,000 to $1,812,240. The taxpayer's motion in the Tax Court to apply the Freeze Act was supported by a certified statement of a real estate appraiser. The statement asserted that the appraiser had examined the property and the income and expenses pertaining thereto and concluded "that the premises in question did not undergo a change in value "between the October 1 assessment date of 1976 and the assessment dates of 1977 and 1978, and, in addition, a district-wide revaluation or reassessment program was not effected for the tax years 1978 or 1979.
This certification was opposed by certifications made by a real estate appraiser submitted on behalf of the borough. The borough's contention based thereon is that "commencing in 1976" rental apartment projects in the borough have been converted to cooperative and condominium apartment status, the result of which has substantially increased the value of rental apartment properties beyond that reflected merely by an income capitalization approach. Accordingly, the borough offered to present testimony "as to the increased value for the *491 subject property for the tax years 1978 and 1979 reflected from both the market data and income capitalization approach."
The Tax Court judge held that the borough had the burden of negating the application of the Freeze Act by specifically setting forth the nature of the changes in value relied upon in opposing the taxpayer's motion to apply the Freeze Act. He concluded that "merely alleging such a change" in value was not sufficient. The Tax Court judge rejected one basis for the change in value relied upon by the borough, namely, the decision in Helmsley v. Fort Lee, 78 N.J. 200 (1978), which was rendered on October 17, 1978, after the assessment date for the year 1979. The borough's claim that the conversion value of the subject property into condominiums or cooperatives substantially increased the property's value after the October 1, 1976 assessment date was also rejected by the Tax Court judge on the ground that such conversion "was a phenomenon which began in Fort Lee as early as 1973 or some four to five years prior to the assessment dates." Thus, the Tax Court judge concluded that such "conversion value" should have been considered by the assessor on October 1, 1976 in making the 1977 assessment and by the Division of Tax Appeals in rendering its decision for the 1977 tax year. Thus, the Tax Court judge concluded that such evidence could not demonstrate a change in value between October 1, 1976 and the assessment dates of the two subsequent years.
We disagree with these conclusions and reverse the judgment below. The real estate appraiser's certification submitted for the borough stated that the construction of cooperative apartment and condominium apartment projects began in 1973. However, he stated that "commencing in 1976 rental apartment projects have been converted to cooperative and condominium apartment status." (Emphasis supplied) We take the borough's asserted position to be that the phenomenon resulted in a substantial increase in value between the October 1, 1976 assessment date and the subsequent assessment dates involved. The certification indicated that the conversion of such properties has *492 proceeded at an accelerated rate since the time it began in 1976. Accordingly, the borough should have been given an opportunity at a plenary hearing to demonstrate that the change in value had not fully manifested itself on October 1, 1976 and that there was a substantial change in value affecting this property thereafter.
With respect to the effect of the Helmsley decision, normally we would agree with much of what the trial court judge said with regard to the inapplicability of a later decision to the state of facts that existed on October 1, 1977 and 1978. However, in this case the borough contends that on July 21, 1977 the Supreme Court vacated the Appellate Division judgment in Helmsley and remanded the case for a plenary hearing "on the issue of just and reasonable return," retaining jurisdiction. Helmsley v. Fort Lee, supra at 206-207. The borough contends, therefore, that an increase in income on the properties was foreseeable as of October 1, 1977 and a corresponding change of value could have been anticipated in the marketplace.
The record before us does not make it clear to what extent this line of argument was presented to the Tax Court judge. The certification of the real estate appraiser indicated that rents could be collected in excess of that allowed by the borough's rent levelling ordinance whose maximum increase of 2 1/2% was ultimately invalidated by our Supreme Court. But the certification did not note the significance of the action taken by the Supreme Court in July 1977.
Nevertheless, in the interest of justice, since we are remanding the matter for a plenary hearing with regard to the change in value allegedly effected by the condominium conversion experience, we conclude that the borough should also be given an opportunity to present evidence of a change in value occurring after October 1, 1976 by reason of the litigation involving the Fort Lee rent levelling ordinance that ultimately was decided by the Helmsley decision rendered in October 1978.
*493 Reversed and remanded for a plenary hearing in accordance with this opinion. We do not retain jurisdiction.