# Chelsea Limited Partnership v. Town of Chelsea

[458 A.2d 1096]

No. 249-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 10, 1983

*Case and Gregg,* Bethel, for Plaintiff-Appellee.

*William B. Field,* Chelsea, for Defendant-Appellant.

**Underwood, J.** This is an appeal by the Town of Chelsea [the town] from a decision of the State Board of Appraisers [the Board] setting the appraisal of real estate owned by Chelsea Limited Partnership [the taxpayer] at $455,000. The town contends that (1) the findings of the Board were insufficient to support its decision as to the amount at which the property should be set in the grand list, and (2) the Board improperly denied the town's request for a new hearing. We disagree with both contentions and affirm.

Briefly stated, the facts are as follows. The taxpayer is the owner of real estate in Chelsea, Vermont, comprising a parcel of 12.3 acres with a housing project for the elderly thereon, and a parcel of 6.1 acres with a family housing project thereon. Both projects were constructed under the "Section 8 Program" of the United States Department of Housing and Urban Development with financing provided by the Vermont Housing Finance Agency. The listers initially appraised the housing for the elderly at $461,000 and the family housing at $258,000. This appraisal was reduced at a grievance meeting before the listers of the town to $428,720 for the former and $240,180 for the latter. This decision was appealed to the town's board of civil authority, which denied said appeal. Subsequently, the taxpayer appealed to the Board.

The Board held a hearing on October 28, 1980, with both the taxpayer and the town presenting evidence. The town submitted direct testimony concerning the cost method used by the listers to ascertain fair market value. The taxpayer submitted an appraisal report by its appraiser, and testimony showing the fair market value of the property based on the cost, market and income methods of ascertaining fair market value. On April 27, 1982, the Board issued its findings. It found the cost and market methods inappropriate and adopted the income approach as the only valid method to ascertain fair market value. It used the evidence and testimony presented to ascertain the fair market value of the property under said approach. In this regard, the Board found that the town did not consider the income approach to value. The taxpayer's income valuation was the only one presented in evidence, and the validity of it was not refuted. The Board

adopted the results of it as a part of its findings of fact. Based on said findings, the appraisal of the elderly housing project was set at $268,450 and the appraisal of the family project was set at $186,550, for a total of $455,000. On June 2, 1981, the town requested a new hearing of the Board in order to present additional evidence. The request was denied, and this appeal followed.

The Board is required to make findings of fact supporting its ultimate determination of value. 32 V.S.A. § 4467. It has a duty to sift the evidence and make a clear statement so that the parties and this Court will know what was decided and how the decision was reached. *Corrette* v. *Town of St. Johnsbury,* 140 Vt. 315, 316, 437 A.2d 1112, 1113 (1981) ; *Rutland Country Club, Inc.* v. *City of Rutland,* 140 Vt. 142, 147, 436 A.2d 730, 732 (1981). When tested against these standards the Board's findings and conclusions in the instant case are more than adequate. Therefore, we reject the town's first contention.

The town's second contention, that the Board improperly denied its request for a new hearing, is specious at best. A motion for a new hearing is addressed to the sound discretion of the trial court, and that court's ruling is not reversible unless it constitutes a manifest abuse of discretion. *O'Neil* v. *Buchanan,* 136 Vt. 331, 333, 388 A.2d 431, 435 (1978). In the instant case no such abuse appears. The town requested the opportunity for rehearing so that its expert would be allowed to appraise the property using the income approach. The Board denied this request because "[t]he evidence concerning the income approach to value and sales rate study is evidence which could have been presented to the Board at the time of hearing had the Town wished to do so." The Board's denial was proper. The town cannot use its own failings to obtain a new hearing. Each party had adequate opportunity to address the issues. Therefore, no basis for a rehearing exists.

*Affirmed.*