191 N.J. Super. 559 (1983)
468 A.2d 445
TROY VILLAGE REALTY COMPANY, PLAINTIFF-RESPONDENT, AND SAUL TAXON, JULIAN STONE, AND THE TROY VILLAGE TENANTS' ASSOCIATION, INTERVENING PLAINTIFFS-RESPONDENTS,
v.
SPRINGFIELD TOWNSHIP OF UNION COUNTY, NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1983.
Decided November 4, 1983.
*561 Before Judges BISCHOFF, PETRELLA and BRODY.
Edward G. Rosenblum argued the cause for appellant (Rosenblum & Rosenblum, attorneys; Edward G. Rosenblum of counsel and on the brief).
Calvin O. Trevenen argued the cause for respondent Troy Village Realty Company (Garippa & Trevenen, attorneys; John E. Garippa of counsel and on the brief).
Saul A. Wolfe argued the cause for respondents Saul Taxon, Julian Stone and The Troy Village Tenants' Association (Skoloff & Wolfe, attorneys; Saul A. Wolfe of counsel; Nathan P. Wolf on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
The question on this appeal is whether the conversion of a rental apartment building to a condominium automatically frees *562 the property from the two-year assessment ceiling imposed by the Freeze Act.[1] Tax Court Judge Andrew held that the assessment remains frozen. We affirm.
Troy Village Realty Company appealed the 1979 assessment of its 342-unit garden apartment complex. On May 5, 1980 the aggregate assessment was reduced by a consent judgment to $6,485,500. Pursuant to the agreement, Springfield reduced the 1980 assessment to the same figure.
While that appeal was pending, the property was purchased by Troy, Ltd. The new owner converted it to a condominium in February 1980 by recording a master deed in the Union County Register's office. See N.J.S.A. 46:8B-8. The assessor then increased the 1981 assessment to $15,545,100 reflecting the allegedly enhanced value attributed to the conversion. Troy, Ltd. and others appealed that assessment in proceedings not before us. The order under review came as the result of post-judgment motions made in the 1979 assessment case by Troy Village Realty Company and tenants to freeze the 1981 assessment at the 1979 figure.

I
The Freeze Act provides:
Where a judgment final has been rendered by the Tax Court involving real property such judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to such proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. Where such changes are alleged, the complaint shall specifically set forth the nature of the changes relied upon as the basis for such appeal. However, the conclusive and binding effect of such judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation of all real property within the district has been put into effect. [N.J.S.A. 54:2-43]
*563 Where there has been an increase in value after the assessment date, the district may be relieved of the freeze only if it appeals the frozen assessment. Its complaint must "specifically set forth the nature of the changes relied upon."
Springfield did not appeal the frozen 1981 assessment. Instead the assessor simply increased the assessment thereby forcing the taxpayer to appeal and thus defeating the purpose of the statute  the protection of the taxpayer from the annoyance and expense of repeated tax appeals. See So. Plainfield v. Kentile Floors, Inc., 92 N.J. 483, 491 (1983). A unilateral assessment increase after a Tax Court judgment has become final is prohibited for the two years the taxpayer is protected by the Freeze Act. Edgewater v. United States Life Realty Corp., 2 N.J. Tax 421, 425 (1981), aff'd o.b. 4 N.J. Tax 531 (App.Div. 1982).

II
In compliance with the Condominium Act, N.J.S.A. 46:8B-1 et seq., the assessor separately assessed each unit when he raised the assessment. Springfield argues that the separate unit assessments are in effect new assessments that replaced the base-year assessment thereby cancelling the freeze. N.J.S.A: 46:8B-19 (§ 19) provides:
All property taxes, special assessments and other charges imposed by any taxing authority shall be separately assessed against and collected on each unit as a single parcel, and not on the condominium property as a whole. Such taxes, assessments and charges shall constitute a lien only upon the unit and upon no other portion of the condominium property. All laws authorizing exemptions from taxation or deductions from tax bills shall be applicable to each individual unit to the same extent they are applicable to other separate property.
The purpose of the Condominium Act is to constitute each unit in a condominium "a separate parcel of real property which may be dealt with by the owner thereof in the same manner as is otherwise permitted by law for any parcel of real property." N.J.S.A. 46:8B-4. A separate assessment for each unit facilitates achieving that goal.
*564 When first adopted, § 19 expressly provided that although each unit is to be assessed separately,
The total of the assessments for tax purposes against the aggregate of all units constituting the condominium property shall not exceed the assessment which would otherwise have been made against such condominium property as a single parcel had it not been submitted to this act.
That provision was repealed by L. 1975, c. 2, § 1. By removing the preconversion assessment as a post-conversion total aggregate assessment ceiling, the Legislature rendered § 19 silent and therefore neutral on the question of value.
Section 19 mandates a change in the form  not the aggregate amount  of assessments following conversion. Protection afforded by the Freeze Act is not lost by conversion to a condominium.
Where an assessor concludes that a conversion increased the property's overall value, he is ordinarily free to establish the initial unit assessments accordingly. However, when the property is subject to the provisions of the Freeze Act, such an increase can only be brought about if the taxing district is successful in appealing the frozen assessment.
After carefully considering Springfield's other contentions, we are satisfied that they are without merit. R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] References to the "Freeze Act" are to N.J.S.A. 54:2-43 which relates to judgments of the Tax Court. N.J.S.A. 54:3-26, containing nearly identical language, relates to judgments of the county boards of taxation.