# Shetland Properties, Inc. v. Town of Poultney

[484 A.2d 929]

No. 258-81

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed October 26, 1984

*Edward L. Winpenny* of *DeBonis & Wright, P.C.*, Poultney, for Plaintiff-Appellant.

*Williams, Williams & Vreeland, P.C.*, Poultney, for Defendant-Appellee.

**Underwood, J.** On April 1, 1978, the listers appraised plaintiff's 270-acre parcel of undeveloped land, located on State Highway No. 6 in the Town of Poultney, at $111,000. Plaintiff, aggrieved by the listers' appraisal, ultimately appealed it to the Vermont Board of Appraisers (Board), which reduced it to $94,500. When the appraisal of real estate is so fixed, it becomes the basis for the grand list of the taxpayer for the year in which the appeal was taken, and for the two next ensuing years, unless in the ensuing two years the taxpayer's property is materially altered, changed or damaged, or the town in which it is located has undergone a complete revaluation of all taxable real estate. 32 V.S.A. § 4468.*

In August of 1979, plaintiff sold off 10.13 acres for $14,000, thereby reducing the total acreage of the parcel as well as a portion of its highway frontage.

Although the appraised value of plaintiff's real estate was fixed by the Board for the taxable years 1978, 1979 and 1980, the listers reappraised plaintiff's remaining 259.87 acres on April 1, 1980, and increased the appraisal from $94,500 to $107,300. During this interim period the Town had not undergone a complete revaluation, nor had there been any change in plaintiff's property other than the sale of the 10.13 acres.

The plaintiff appealed the listers' appraisal for 1980 to the Poultney Board of Civil Authority, which upheld the listers' appraisal. Plaintiff then appealed to the Vermont State Board of Appraisers, which affirmed the decision of the Poultney Board of Civil Authority. A timely appeal from the Board brings the case before us for review.

The plaintiff contends that (1) the listers improperly reappraised the subject property as there had been no material change, alteration or damage to the property, nor had there

---

* 32 V.S.A. § 4468 provides in part:

 The appraisal so fixed . . . shall become the basis for the grand list of the taxpayer for the year in which the appeal is taken and, if the appraisal relates to real estate, for the two next ensuing years. The appraisal, however, may be changed in the ensuing two years if the taxpayer's property is materially altered, changed, damaged or if the municipality, city or town in which it is located has undergone a complete revaluation of all taxable real estate.

been a town-wide revaluation, and that (2) the Board failed to make findings of fact sufficient to support its decision. We agree with the second contention and reverse with instructions for reconsideration, consistent with our comments, on the first issue raised by the plaintiff.

I.

As this Court has previously stated:

The Board is required to make findings of fact supporting its ultimate determination of value. 32 V.S.A. § 4467. It has a duty to sift the evidence and make a clear statement so that the parties and this Court will know what was decided and how the decision was reached.

*Chelsea Limited Partnership* v. *Town of Chelsea*, 142 Vt. 538, 540, 458 A.2d 1096, 1097 (1983); *Corrette* v. *Town of St. Johnsbury*, 140 Vt. 315, 316, 437 A.2d 1112, 1113 (1981); see also *Rutland Country Club, Inc.* v. *City of Rutland*, 140 Vt. 142, 146–47, 436 A.2d 730, 732 (1981).

In view of the fact that the Board had rendered a decision in favor of the plaintiff's appeal of the listers' 1978 appraisal of the subject property, the Board's decision would be applicable for the tax years 1978, 1979 and 1980, unless "the taxpayer's property [was] materially altered, changed, damaged or . . . the municipality . . . in which it is located has undergone a complete revaluation of all taxable real estate." 32 V.S.A. § 4468. Where there has been no town-wide revaluation, there must have been a material alteration, change or damage to taxpayer's property for it to be eligible for reappraisal prior to 1981. In addressing this threshold issue, the Board merely recites certain testimony in the case, and accepts the conclusions of the listers regarding a material change in plaintiff's property.

In making findings of fact the Board has a duty to sift the evidence and make a clear statement so that the parties and this Court will know what was decided and how the decision was reached. A recitation of the testi-

mony is not a finding of fact, and such a recitation will not support a judgment.

*Corrette, supra,* 140 Vt. at 316, 437 A.2d at 1113–14. "Without findings of fact sufficient to support its conclusions, the Board committed reversible error." *Id.* at 317, 437 A.2d at 1114.

Furthermore, the Board's findings of fact contain no comparison of the characteristics of the taxpayer's property with those characteristics of properties which it found to be comparable. The Board's failure to make specific findings of fact to support its conclusions concerning comparable property values constitutes reversible error. See *id.*

The fact that there is no transcript of the hearing before the Board does not affect our decision in this case. Although evidence contained in a hearing transcript may be used to evaluate the accuracy of the Board's findings, the use of such evidence is unnecessary where, as in the present case, the findings of fact and conclusions of law are invalid on their face.

## II.

Although the insufficiency of the Board's findings of fact constitutes adequate grounds for reversal, we find it necessary to address the taxpayer's contention concerning the materiality of the change in the subject property since it quite probably will recur on retrial. It is a threshold question upon which the Board, on rehearing, must make specific findings of fact prior to addressing the basis of the listers' reappraisal.

The materiality test should be treated as a two-part test. The first part is whether the appraisal, as established by the Board in a prior appeal, is properly subject to reappraisal by the town within the two year period thereafter. Absent a town-wide revaluation of all real estate, there must be a *material alteration, change* or *damage* to the subject property if it is to be eligible for reappraisal within three years of a prior appeal to the Board. In interpreting the intent behind similar legislation in New Jersey (N.J. Rev. Stat. § 54:3-26; § 54:51A-8), the New Jersey Supreme Court has stated "[t]he evil which the 'freeze' statute sought to remedy was repeated yearly increases in the assessed value of prop-

erty, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board." *Borough of Hasbrouck Heights* v. *Division of Tax Appeals*, 41 N.J. 492, 497, 197 A.2d 553, 555 (1964) (quoting *City of Newark* v. *Fischer*, 8 N.J. 191, 199–200, 84 A.2d 547, 551 (1951)). A New Jersey court has found that "changes in value" included changes in the value of land as a result of the development of a shopping center in the vicinity of the subject property. *Township of Wayne* v. *Robbie's Inc.*, 118 N.J. Super. 129, 133, 286 A.2d 725, 727 (App. Div.), *cert. denied*, 60 N.J. 351, 289 A.2d 796 (1972). One New Jersey court held that the conversion of rental apartments to condominiums and cooperative apartments would not constitute a basis for a change in value under the statute, *Troy Village Realty Co.* v. *Springfield Township*, 191 N.J. Super. 559, 564, 468 A.2d 445, 448 (App. Div. 1983), while another court implied that such a conversion could constitute a valid basis for a change in value, *Hudson Terrace Apartments* v. *Borough of Fort Lee*, 191 N.J. Super. 489, 467 A.2d 1092 (App. Div. 1982). This Court has held that "[w]ords in a statute without definition are to be given their plain and commonly accepted use." *Northern Rent-A-Car, Inc.* v. *Conway*, 143 Vt. 220, 222, 464 A.2d 750, 751 (1983) (quoting *Eastern Advertising, Inc.* v. *Cooley*, 126 Vt. 221, 223, 227 A.2d 294, 295 (1967)). "In construing the statute, the plain, ordinary meaning of language is presumed to be intended. . . . When the meaning is plain, the courts must enforce the statute according to its terms." *In re Middlebury College Sales & Use Tax*, 137 Vt. 28, 31, 400 A.2d 965, 967 (1979) (citing *Standard Register Co.* v. *Commissioner of Taxes*, 135 Vt. 271, 273, 376 A.2d 41, 42 (1977); *Medlar* v. *Aetna Insurance Co.*, 127 Vt. 337, 342, 248 A.2d 740, 744 (1968)). Applying this standard, there is a *material* alteration or change in a subject property when such alleged alteration or change is relevant and of consequence to the valuation of the property.

 If it is determined that an individual reappraisal is warranted, the *second part* of the materiality test comes into play, concerning its scope. Where the intent of 32 V.S.A. § 4468 is to prevent annual, unwarranted reappraisals and provide a

reasonable period of stability following a taxpayer's appeal to the Board, the taxpayer is entitled to protection from the need to relitigate *the same issues* during the ensuing two years. The elements of a reappraisal should therefore be limited to those which have been affected by the "material alteration, change or damage" which provided the initial basis for undertaking the reappraisal. A change in one element of the previous appraisal, as approved by the Board, would not necessarily provide a valid basis for the reconsideration of all of the factors in the appraisal.

*Reversed and remanded for reconsideration consistent with the views expressed herein.*