## Mountain Cable Co. and Better TV, Inc., of Bennington v. Department of Taxes

[721 A.2d 507]

No. 97-290

Present: **Morse, Johnson and Skoglund, JJ., and Allen, C.J. (Ret.) and Wesley, Supr. J., Specially Assigned**

Opinion Filed November 13, 1998

*Wm. Roger Prescott* and *Christopher D. Roy* of *Downs Rachlin & Martin, P.C.*, Burlington, for Appellants.

*William H. Sorrell*, Attorney General, and *John M. Bagwell*, Special Assistant Attorney General, Montpelier, for Appellee.

**Wesley, Supr. J.**, Specially Assigned. At issue in this appeal is whether installation and connection fees charged by cable television companies are subject to sales tax under Vermont law. We affirm the superior court's order upholding the Commissioner of Taxes' determination that such fees are taxable amusement charges.

The facts are not in dispute. From 1989 to 1992, Mountain Cable Company and Better TV, Inc. of Bennington ("taxpayers"), two commonly owned cable television providers, charged customers a flat one-time installation or initiation fee for connecting them to the cable network. In the typical case involving a new customer without a cable-ready home, taxpayers' technicians would run aerial or underground coaxial wire from a telephone pole outside the customer's residence to one or more outlets installed in the customer's home. Although the $20 to $25 installation fee recovered only about fifty percent of the actual cost of a first-time installation, taxpayers recouped the rest of the costs by charging the same amount for initiating service in previously-wired homes, which would involve merely engaging a switch on a telephone pole.

During the relevant period, taxpayers took the position that the fees they charged for installation or initiation of cable television service were not "amusement charges," and thus not subject to sales tax. See 32 V.S.A. § 9771(4) (sales tax shall be paid upon receipts from amusement charges). In November 1992, the Department of

Taxes notified taxpayers that they were required to collect and turn over sales taxes imposed on their installation and initiation fees. Taxpayers filed an administrative appeal, and the Commissioner issued a determination upholding the Department's position, ordering taxpayers to pay uncollected sales taxes on installation or service initiation charges required of their customers for the commencement, or reconnection, of cable television signals. Noting that customers could not choose to forgo the installation fees and still obtain cable programming, the Commissioner reasoned that the fees were merely one component of the transaction for the provision of cable television services, and thus should be considered "service charges" under 32 V.S.A. § 9701(10) ("amusement charges" include "service charges of cable television systems"). The superior court upheld the Commissioner's determination, in turn, concluding that § 9701(10) does not limit "service charges" to just the monthly programming fee.

On appeal, taxpayers argue that the superior court erred (1) by according the Commissioner an undue degree of deference on a purely legal question of statutory interpretation, (2) by improperly imposing upon them the burden of proving that the installation fees were not subject to sales tax, and (3) in concluding that the installation fees were "amusement charges" subject to sales tax.

It is undisputed that "amusement charges," as defined by § 9701(10), are subject to sales tax. Under that statutory provision, the term "amusement charges" means:

> the admission charge (including any subsidiary, service or cover charge) to, and any charge for the use of any place of recreation or amusement . . . *including specifically service charges of cable television systems* or other audio or video programming systems that operate by wire, coaxial cable, lightwave, microwave, satellite transmission or by other similar means.

32 V.S.A. § 9701(10) (emphasis added). The key issue, then, is whether "service charges" include installation and initiation fees.

Without question, the common, ordinary meaning of the term "service charges" would include any fee charged for installing a product or system. See *Cable Television Ass'n v. Finneran*, 954 F.2d 91, 99 (2d Cir. 1992) (term "cable services" is not limited to cable programming, but includes both provision of equipment necessary to receive service and charge for installation to obtain service). Indeed, in the context of the sale of tangible personal property, fees desig-

nated as "service charges" most often denote charges associated with the installation or delivery of the product. Because the term "service charges" is not defined in the statute, we must presume that the Legislature intended the everyday commonly understood meaning that would certainly encompass installation and initiation fees. See *Shetland Properties, Inc. v. Town of Poultney*, 145 Vt. 189, 194, 484 A.2d 929, 932 (1984) (words undefined in statute are given their plain and commonly accepted usage).

Taxpayers argue, however, that in the cable television industry the term "service charge," as demonstrated by the exhibits in this case, is often used when referring to fees for providing monthly programming service. We do not find this argument persuasive. The fact that the term "service charge" might be used on cable bills to refer to monthly fees for programming services does not suggest that it is limited to that meaning or that it is not generally understood to include fees for installing or initiating service. The cable industry cannot infect the tax code with an ambiguity simply by giving different names to the various fees it imposes for providing cable signals. If that were the case, the industry's ability to evade sales tax on its services would be limited only by the creativity of its marketing staff. Further, the Legislature would be sorely tested to fashion statutory provisions to immunize itself against the "ambiguity virus" arising from the very commercial entities it seeks to tax.

In any event, the Legislature has already provided the antidote for this potential epidemic by broadly defining "amusement charges" and by placing the burden on taxpayers to show that charges are outside that broad definition. Whether termed an "admission charge," "cover charge," "subsidiary charge," or "service charge," the costs associated with enjoying the specified taxable activities come within the definition of an "amusement charge." 32 V.S.A. § 9701(10). The denomination of alternative common names for amusement charges should have forestalled the name game relied upon by taxpayers.

To further discourage precisely the sort of challenge taxpayers have mounted here, the Legislature expressly limited the arguments which cable companies, and all other operators of amusements, might raise to escape taxation based on creative nomenclature. Section 9813(a) of Title 32 of the Vermont Annotated Statutes establishes a special presumption applicable to the collection of sales taxes:

> For the purpose of the proper administration of this chapter and to prevent evasion of the tax hereby imposed, it shall be presumed that all receipts for property or services

of any type mentioned in subdivisions (1), (2) and (3) of section 9771 of this title, and *all amusement charges of any type* mentioned in subdivision (4) of section 9771, are subject to tax until the contrary is established, and the burden of proving that any receipt or amusement charge is not taxable hereunder shall be upon the person required to collect tax.

32 V.S.A. § 9813(a) (emphasis added). The provision unmistakably delineates the legislative desire to broadly sweep amusement charges, by whatever name they may be called, within the ambit of the sales tax.

■ Taxpayers challenge the superior court's reliance on § 9813(a), arguing that applying the provision in this instance would require us, in effect, to assume an affirmative answer to the very question raised and abandon the common-law presumption favoring taxpayers. But § 9813(a) was plainly enacted precisely to abrogate the common-law presumption in circumstances that include this case. The narrowly focused provision explicitly addresses the presumptions and the burden of proof in cases involving the sales tax, whose explicitly stated purpose is preventing evasion of that tax, and which most explicitly covers "all amusement charges of *any* type mentioned in subdivision (4) of section 9771." *Id.* (emphasis added). We will not presume that the Legislature enacted meaningless legislation. See *State v. Baldwin*, 140 Vt. 501, 511, 438 A.2d 1135, 1140 (1981); see also *Trombley v. Bellows Falls Union High School*, 160 Vt. 101, 104, 624 A.2d 857, 860 (1993) (statutes may not be construed so as to render significant part pure surplusage). Accordingly, we conclude that the superior court properly applied the presumption contained in § 9813(a) to the instant matter.

■ Further, we find no basis for taxpayers' assertion that the superior court accorded the Commissioner's decision an undue degree of deference in construing the relevant statute. We have repeatedly stated that the interpretation of a statute by the administrative body responsible for its execution will be sustained on appeal absent compelling indication of error. See *Burlington Elec. Dep't v. Department of Taxes*, 154 Vt. 332, 337, 576 A.2d 450, 453 (1990). The superior court expressly acknowledged this accepted standard, and then went on to undertake an independent analysis of the language and purpose of the relevant statutory provisions to determine the intent of the Legislature. In arriving at its conclusion that "amusement charges" include installation and initiation fees for providing

cable television, the superior court emphasized (1) the mandatory nature of such initial fees as a condition of receiving cable services, even if a customer's home is cable-ready; (2) the absence of any relationship between those fees and the actual costs of installation; and (3) the discounts on such fees for those who subscribe to a more expensive package of programming. Given the nature and purpose of the initial fees, the court found them indistinguishable from subsequent monthly service charges in considering the applicability of the sales tax on amusement charges associated with cable television systems. As the court observed, nothing in the statutory scheme suggests that the Legislature's intent to tax cable service charges as amusements is limited to a consideration of monthly fees only.

█ In view of the encompassing scope of the statutory scheme, and the obvious correlation between the payment of installation or initiation charges and the receipt of cable services, the superior court correctly concluded that such charges were taxable amusement charges. See *State v. Ben-Mont Corp.*, 163 Vt. 53, 57, 652 A.2d 1004, 1007 (1994) (court's task is to give effect to legislative intent and to further fair and rational results); *Bisson v. Ward*, 160 Vt. 343, 348, 628 A.2d 1256, 1260 (1993) (Legislature is presumed to intend plain meaning of statutory language).

*Affirmed.*