STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| **Appeal of V.G. General Store, Inc.** | } | **Docket No. 84-5-04 Vtec** |
|  | } |  |
|  | } |  |

### Decision on Appellee's Motion for Summary Judgment

V.G. General Store, Inc. appealed from a decision of the Town of Waitsfield Zoning Board of Adjustment (ZBA) dated April 20, 2004, upholding a notice of violation issued by the Town Zoning Administrator on January 6, 2004. Appellant is represented by Richard Johnston King, Esq.; the Town of Waitsfield (Town) is represented by Amanda S. E. Lafferty, Esq. The Town has moved for summary judgment, seeking dismissal of the appeal. Appellant opposed the Town's motion by way of an "Affidavit in Opposition." The Town has also moved to strike the reference in Appellant's Affidavit to pictures in the Court's file showing the site.

### Factual Background

Whenever a court considers a motion for summary judgment, it must view all material facts in a light most favorable to the non-moving party. Carr v. Peerless Insurance Co., 168 Vt. 454, 476 (1998). Most of the facts that are material to the pending appeal are not in dispute. The material facts, including those that we must view in a light most favorable to Appellant, are as follows:

1.     Appellant V.G. General Store, Inc. ("V.G.") is a Vermont corporation, wholly owned by David Frank. V.G. owns a parcel of land located at 4348 Main Street (Vermont Route 100) in the Village Business District in Waitsfield, Vermont (the "Property").

1

2. The Property consists of .46± acres of land improved with gasoline pumps and a grocery store and deli, collectively known as "The Village Grocery."

3. Appellant acquired the Property from Robert F. Quinn on July 11, 2001.

4. On August 11, 1993, the Town Planning Commission granted site plan approval to Appellant's predecessor-in-interest for proposed modifications to the Property with five conditions, two of which (conditions 2 and 3) are relevant here:

> 2. The paved area in front of the porch nearest Route 100 will be removed for the width of the porch and be restored as green area by June 14, 1994.
> 3. A revised site plan will be submitted to the Planning Commission for approval, showing the green area and proposed signage.

5. The Planning Commission's August 11, 1993 decision was not appealed by any interested person.

6. On August 31, 1993, the Town Zoning Administrator issued a zoning permit (#1794) to Appellant's predecessor-in-interest, authorizing construction of the proposed modifications that were the subject of the Planning Commission's prior site plan approval, subject to the conditions of that site plan approval, including Conditions 2 and 3.

7. The Zoning Administrator's grant of a zoning permit was not appealed by any interested person.

8. Appellant's predecessor-in-interest did not comply with Condition 2 of the 1993 site plan approval and zoning permit.

9. Appellant's predecessor-in-interest did not comply with Condition 3 of the 1993 site plan approval and zoning permit until June 7, 2000, when in connection with Application #2410 (relating to lighting and signage over the gasoline pumps), Mr. Quinn submitted a one-page landscaping plan showing a proposed planter box/grass

area located between the porch and Route 100. The proposed planter box was to be filled with topsoil and planted with grass, closing the northerly curb cut on the site.

10. On June 14, 2000, the Planning Commission issued its decision, granting final site plan approval for Application #2410, and approving the landscaping plan for the proposed planter box, with modifications to the length of the planter box sides. The decision required Appellant's predecessor-in-interest[1] to remove the asphalt underneath the proposed planter box, and complete all work on the planter box "by July 1, 2000 or directly following the [ZBA] approval."

11. The Planning Commission's June 14, 2000 decision was not appealed by any interested person.

12. Appellant's predecessor-in-interest never complied with the 1993 zoning permit and 2000 site plan approval. He never removed the asphalt between the porch and Route 100, nor did he replace it with a planter box containing topsoil and grass.

13. Since acquiring the Property in 2001, Appellant has complied with neither the 1993 zoning permit nor the 2000 site plan approval by removing the asphalt between the porch and Route 100 and replacing it with a planter box containing topsoil and grass.

14. On January 6, 2004, the Zoning Administrator issued to Appellant a notice of violation for the "long-standing violation regarding grassing over the area in front of the porch."

15. On January 26, 2004, twenty days after its issuance, Appellant appealed the notice of violation to the ZBA.

---

[1] The Decision also notes, at ¶10, that "[b]y acceptance of the conditions of this decision without appeal, the Applicant confirms and agrees that the conditions of this decision shall run with the land and the land uses herein permitted, and will be binding upon and enforceable against the Permittee and all assigns and successors in interest."

3

16. On April 20, 2004, the ZBA denied the appeal and upheld the notice of violation. Appellant appealed the ZBA's April 20, 2004 decision to this Court on May 20, 2004.

## Discussion

As a preliminary matter, we note that the Planning Commission's decisions of 1993 and 2000 and the Zoning Administrator's 1993 grant of a zoning permit were not appealed, and are therefore final judgments which cannot be contested directly or indirectly in this proceeding, pursuant to 24 V.S.A. § 4472(d). Appellant appealed the January 6, 2004 notice of violation to the ZBA on January 26, 2004, twenty days after the notice was issued by the Zoning Administrator. Appellant's appeal is subject to the time limits imposed by the former 24 V.S.A. § 4464(a), as the appeal to the ZBA was filed prior to the June 30, 2004, effective date of the new statute. Both the former § 4664(a) and the current § 4465(a) provide that the notice of appeal from an act or decision of an administrative officer must be filed within 15 days of that decision or act. The Zoning Bylaw (Bylaw) in effect at the time of the appeal to the ZBA also provides a 15-day time limit for the filing of such appeals, Bylaw § 6.4.

Appellant's appeal would therefore ordinarily be time-barred by both statute and the Bylaw. However, as the ZBA accepted the appeal,[2] and given "the desirability of resolving litigation on the merits," Desjarlais v. Gilman, 143 Vt. 154, 159 (1983), we proceed to address the merits of this appeal in the context in the Town's motion for summary judgment.

Before we address the merits of the pending appeal, we note that Appellant's response to the Town's summary judgment motion, supporting legal memoranda, and

---

[2] We do not hold here that the acceptance of the appeal by the ZBA constituted a waiver of the 15-day limit. We also recognize that Appellant infers that it relied upon an extension of time requested by its attorney and granted by the Zoning Administrator. Because we believe it appropriate to proceed to a review of the substantive legal issues in this appeal, we make no determination as to whether a zoning administrator has the authority to extend the time within which an appeal must be filed.

4

statement of undisputed facts was in the form of a single filing, entitled "Affidavit in Opposition to Motion for Summary Judgment." This single filing does not satisfy the minimum requirements for a party who wishes to oppose a motion for summary judgment. See V.R.C.P. 56(c)(1) and (2). We recognize that time and cost constraints often limit the filings that a party makes. However, when the filings made do not meet the minimum requirements of Rule 56, the party opposing the motion places the court in the awkward position of having to decipher whether a material dispute as to the facts or the law truly exists. Because we intend to consider the substance of the issues in this appeal, we choose not to strike Appellant's Affidavit or photographs referenced therein.

## Question 1:  Challenge to 1993 & 2000 Decisions and Permit.

Question 1 of Appellant's Statement of Questions asks: "Were the permits at issue properly authorized and issued under the applicable laws and regulations in effect at the time they were issued and on the record before the Town?" The "permits at issue," presumably the Planning Commission's 1993 and 2000 decisions and the Zoning Administrator's 1993 grant of a zoning permit, are unappealed final judgments not subject to reconsideration here, 24 V.S.A. § 4472(d). The validity of the unappealed permit and decisions may not be attacked at this late date, even if they are alleged to be void ab intio. See In re Ashline, 2003 VT 30, ¶ 10 ("We strictly enforce the exclusivity of remedy provisions contained within § 4472 . . . . [W]e have consistently held that § 4472 bars attack on a zoning decision even when the decision is alleged to have been void ab initio.") (internal quotation and citations omitted). Question 1 must therefore be dismissed.

## Question 2:  Authority to issue NOV.

Question 2 of Appellant's Statement of Questions asks: "Were the notices of violation properly authorized and issued under the applicable laws and regulations currently in effect and on the record before the Town?" It appears that there is only one

notice of violation at issue in this case, issued on January 6, 2004. Appellant makes no argument as to why that notice might not be properly authorized and issued. In fact, it is worth noting that Appellant makes no argument whatsoever. As there is no statement of the material facts as to which it is contended that there exists a genuine issue to be tried, the material facts in the Town's statement are deemed admitted. In the absence of any argument as to why the notice of violation might be improper, and because we can discern no such impropriety ourselves, Question 2 must be dismissed.

**Question 3: Enforceability against successor in interest.**

Question 3 of Appellant's Statement of Questions asks: "Were the permits, as issued, enforceable against the Owner?" By "the permits," Appellant presumably means the 1993 site plan approval, the 1993 zoning permit, and the 2000 approval of the landscaping plan for the proposed planter box. As mentioned above, these final, unappealed decisions are not subject to attack here, either directly or indirectly, due to the finality rule of 24 V.S.A. § 4472(d). Appellant took the property with notice of the site plan approved by the Planning Commission in 2000, because that site plan was recorded in the Town Land Records, as shown in Town's Exhibit J. Those recordings provide clear notice that there were conditions attached to the site plan approval. The first condition attached to the 2000 site plan approval required that the "project shall be completed, operated and maintained in accordance with the plans and information on file with the Town," including the prior conditions from the original 1993 approval that the asphalt under the proposed planter box be removed. Further, the Planning Commission Decision expressly stated that the conditions of approval "shall run with the land." See footnote 1, supra.

In the absence of any argument as to why the 1993 site plan approval, the 1993 zoning permit, and the 2000 site plan approval should not be enforceable against Appellant, Question 3 of Appellant's Statement of Questions must be dismissed.

**<u>Question 4:  Town's authority to act.</u>**

Question 4 of Appellant's Statement of Questions asks: "Did the Town commissions, boards and officers exceed their legal authority in this matter?"  There is no factual representation offered here to indicate that any official or board exceeded their authority here.  Appellant states in its affidavit that "the Town's actions, and more particularly the Town's failure to act, for a period of more than ten years should constitute conduct which bars the Town from enforcing a 1993 condition."

Under both the former 24 V.S.A. § 4496(a) and the current 24 V.S.A. § 4454(a), the statutory limitation period for bringing an enforcement action is fifteen years.  The Town therefore had until 2008 to initiate an enforcement action regarding Appellant's failure to comply with the 1993 condition, and until 2015 to bring an enforcement action regarding Appellant's failure to comply with the conditions of the 2000 site plan approval.  Therefore, the Zoning Administrator acted within her authority in issuing the notice of violation.  As there is no factual representation that any official or board exceeded their authority, Question 4 of Appellant's Statement of Questions must be dismissed.

Accordingly, based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Town's Motion for Summary Judgment is **GRANTED** as to all issues raised by Appellant's Statement of Questions, thereby warranting dismissal of this appeal.  The Zoning Administrator's January 6, 2004 Notice of Violation is upheld.  This decision concludes the pending appeal.

Done at Berlin, Vermont, this 26th day of May, 2006.

_____
Thomas S. Durkin, Environmental Judge

7