*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-163

AUGUST TERM, 2011

| | |
|---|---|
| In re T.B. and S.B., Juveniles | } APPEALED FROM: |
| | } |
| | } |
| | } Superior Court, Windsor Unit |
| | } Family Division |
| | } |
| | } DOCKET NOS. 86-9-08 & |
| | 120-12-08 Wrjv |

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Father appeals the court's denial of his motion to reopen the evidence following completion of the termination of parental rights hearing, but prior to the court's final order. On appeal, father argues that the trial court abused its discretion in evaluating his motion under a Vermont Rule of Civil Procedure 60(b) standard, instead of a Rule 59 standard. We conclude that the error was harmless and affirm termination of father's parental rights.

T.B. and S.B. were declared children in need of care and supervision for lack of proper parental care and placed in custody of the Department for Children and Families (DCF) in September and December 2008. After the parents failed to make progress on the case plan, DCF filed petitions to terminate mother's and father's parental rights. A hearing on the petitions was scheduled for three days, beginning January 26, 2011. On the first day, mother was present with her attorney. Following her testimony, mother voluntarily relinquished her rights. Father's counsel was present, but father was absent. The court directed father's attorney to contact her client and inquire about his attendance at the remainder of the hearing. On January 27, 2011, the attorney advised that she telephoned father, but mother answered and relayed that father would not come to the telephone and did not intend to attend the hearing. The attorney could hear father's voice speaking in the background. The court proceeded with the termination hearing on January 27.

Based on the State's evidence, the court gave notice of its decision to terminate father's rights on the record. The court found that father would not be able to resume parenting within a reasonable period of time given his lack of progress on resolving the issues that initially led to DCF obtaining custody of the children. The court concluded that termination was in the children's best interests, and asked DCF's attorney to prepare an order.

Before the court issued a final judgment order, father filed a motion to reopen the evidence on January 31, 2011. He claimed that he did not attend the hearings because he felt the matter was hopeless, but now understood that the judicial officer would listen to all of the evidence. The court held a hearing on the motion. At the hearing, the court explained that it would apply a Rule 60(b) standard to the motion and therefore would grant the motion if father

demonstrated excusable neglect or that reopening the evidence would be in the interest of justice. No party objected to the use of Rule 60(b) standard. At the close of the hearing, the court denied the motion, concluding that father's feeling of hopelessness did not amount to a reason to reopen the evidence given that father made the decision of his own accord and absent any threat, coercion, or undue influence. The court noted that the interest of justice was served when the court postponed ruling on termination of father's rights on the first day of trial to confirm that father would not appear for the hearing on the following day.

On appeal, father argues that his motion should have been considered under Rule 59, not 60, because it was before final judgment. Father contends that the court's error was an abuse of discretion and warrants reversal. The State argues that father failed to preserve his claim of error by not raising the objection at the hearing.

Even assuming that the objection was preserved, we conclude that the error was harmless. A motion pursuant to Rule of Civil Procedure 59 to alter or amend the judgment may be granted "to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enters., 164 Vt. 582, 588 (1996). Such a motion for a new hearing "is addressed to the sound discretion of the trial court, and that court's ruling is not reversible unless it constitutes a manifest abuse of discretion." Chelsea Ltd. P'ship v. Town of Chelsea, 142 Vt. 538, 540 (1983). This standard is substantially similar to the Rule 60(b) standard, which allows relief from judgment due to inadvertence, excusable neglect, or in the interest of justice. Here, the court denied father's request to have the hearing reopened because the court concluded that father's decision to absent himself was not a product of any undue influence or error. This conclusion was not an abuse of discretion. Even applying the Rule 59 standard, no rehearing was required because father did not allege that his absence was caused by the court's error, nor did he demonstrate that entry of judgment was unjust.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

2