VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        24-AP-196

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

### JULY TERM,   2025

| | |
|---|---|
| Brittany Trayah v. Mercedes Sweetser\* | } APPEALED FROM:<br>} Superior Court, Franklin Unit,<br>} Civil Division<br>} CASE NO. 24-ST-00594<br>Trial Judge: Samuel Hoar, Jr. |

In the above-entitled cause, the Clerk will enter:

Defendant Mercedes Sweetser, self-represented, appeals from a civil division order granting plaintiff Brittany Trayah's request for a final order against stalking.  We affirm.

The record reflects the following.  In June 2024, plaintiff sought a final anti-stalking order against defendant under the civil anti-stalking statute, 12 V.S.A. § 5133.  In support of her request, plaintiff filed an affidavit including the following allegations.  Plaintiff and defendant are neighbors.  After defendant moved in, plaintiff asked her not to allow her off-leash dogs to enter plaintiff's property, but defendant continued to do so.  On one occasion, defendant's dogs attacked plaintiff and her children in plaintiff's yard, injuring plaintiff's ten-year-old child.  When plaintiff went to defendant's door to address the situation, defendant threatened to "send [her] dogs after" plaintiff.  Defendant also threatened and made threats about plaintiff at other times, including threats of physical harm.

The court issued a temporary anti-stalking order.  The final hearing was scheduled for July 3 but subsequently reset to July 17.  Defendant failed to appear at the rescheduled hearing.  The court took evidence from plaintiff, who was present with her attorney.  On the basis of this evidence, the court found that on more than one occasion, defendant purposefully threatened or made threats against plaintiff.  It concluded that defendant had stalked plaintiff and issued a final order against stalking.  This appeal followed.

The civil division must issue a final anti-stalking order if it "finds by a preponderance of evidence that the defendant has stalked . . . the plaintiff."  12 V.S.A. § 5133(d).  Under the statute, " '[s]talk' means to engage purposefully in a course of conduct directed at a specific person that the person engaging in the conduct knows or should know would cause a reasonable person to" fear for their safety or the safety of a family member or suffer substantial emotional distress.  Id. § 5131(6).  "Course of conduct" is in turn defined to include "two or more acts over a period of time, however short, in which a person . . . threatens, or makes threats about another person."  Id. § 5131(1)(A)(i).

The correct interpretation of the anti-stalking statute is an issue of law that we review without deference.  Morton v. Young, 2023 VT 29, ¶ 10, 218 Vt. 96.  We leave it to the trial

court, however, "to assess the credibility of witnesses and weigh the evidence." Beatty v. Keough, 2022 VT 41, ¶ 6, 217 Vt. 134. We will not disturb the court's factual findings unless they are "clearly erroneous when viewed in the light most favorable to the prevailing party," and will uphold its conclusions if supported by the findings. Swett v. Gates, 2023 VT 26, ¶ 20, 218 Vt. 76 (quotation omitted); see Beatty, 2022 VT 41, ¶ 6.

On appeal, defendant requests reconsideration of the trial court's order and an opportunity to present evidence, arguing that the order is unjust because it was "granted based on [her] failure to get to the hearing on time."

A motion for a new hearing must be presented to the trial court, not this Court. Chelsea Ltd. P'ship v. Town of Chelsea, 142 Vt. 538, 540 (1983) ("A motion for a new hearing is addressed to the sound discretion of the trial court."); V.R.C.P. 59, 60, 80.10(a). On appeal, our "review is confined to the record and evidence adduced at trial," and "we cannot consider facts not in the record." Hoover v. Hoover, 171 Vt. 256, 258 (2000).

Nor has defendant identified any basis to disturb the order below.[*] To be sure, defendant's failure to appear at the July 17 hearing left her without the opportunity to present evidence. However, the court did not issue its order based on defendant's failure to appear. Instead, the order was properly based on the evidence presented by plaintiff. Because the court concluded that this evidence demonstrated that defendant had stalked the plaintiff, the statute required that it issue a final anti-stalking order. 12 V.S.A. § 5133(d).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice

---

[*] It is not clear whether defendant's argument that the order is unjust arises from any on-the-record ruling of the court or other occurrence during the July 17 hearing. But see V.R.A.P. 28(a)(4) (requiring that appellant's brief include "the issues presented, how they were preserved, and appellant's contentions and the reasons for them—with citations to the authorities, statutes, and parts of the record on which the appellant relies"); Pcolar v. Casella Waste Syst. Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (explaining that self-represented litigants must satisfy minimum briefing standards of Rule 28(a)(4) and declining to address inadequately briefed argument). Even if defendant had adequately briefed such an argument, however, we would be unable to review it because defendant did not order a transcript of the proceedings below. As the appealing party, it was defendant's responsibility to order any necessary transcripts, and in failing to do so, she "waive[d] the right to raise any issue for which a transcript is necessary for informed appellate review." V.R.A.P. 10(b)(1).

2