Filed 03/12/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-05643

| Tender Loving Homecare, Inc. v. Kelsie Baldwin |
|---|

## ENTRY REGARDING MOTION

Title:  Motion Motion For: to redeem and stay action (Motion: 5)
Filer:  Kelsie Baldwin
Filed Date: March 12, 2026

The motion is DENIED.

Defendant Baldwin has filed a motion to reconsider the rent escrow order and to stay the writ of possession pending an opportunity for Defendant to make arguments based on the merits of her underlying affirmative defenses.[1]

A motion to reconsider "is addressed to the sound discretion of the trial court . . ." *Chelsea Ltf. P'ship v. Town of Chelsea*, 142 Vt. 538, 540 (1983).

In this case, Plaintiff Tender Loving Homecare, Inc. filed its complaint for ejectment on December 17, 2025 and included a motion for a rent escrow order based on the allegation that Defendant Baldwin had not paid rent in the four months prior to the complaint (September – December 2025). The Court conducted a rent escrow hearing on January 26, 2026. Defendant Baldwin did not attend, but she had previously filed an answer. One of Ms. Baldwin's defenses in her answer concerned ownership of the dwelling unit. Despite the fact that her lease is with the company Tender Loving Homecare, LLC, Ms. Baldwin noted that the house is actually owned by Roslyn Haldane.

At that hearing, the Court determined based on the testimony of Roslyn Haldane that Tender Loving Homecare, LLC is a limited liability company that she controls as the sole owner. While she owns the house, she rents it out using the LLC. Ms. Baldwin's rent was $1,825 per month, that it had not been paid since September of 2025, and that Ms. Baldwin was not permitting Ms. Haldane, her agents, or the Town access to the dwelling unit to address several issues, including a water meter problem.

The Court issued a Rent Escrow Order requiring Ms. Baldwin to pay $2,649 into the Court for escrow no later than 5 business days after service of the Order. The Court also issued

---

[1] Defendant has also filed a motion to redeem under 12 V.S.A. § 4773 based on her security deposit argument. For both the reasons set forth below and based on the fact that the total rent claimed at this time exceeds the security deposit, the Court finds no basis for redemption under the plain language of Section 4773's provisions.

an order requiring Ms. Baldwin to comply with her access obligations under 9 V.S.A. § 4460(b). The Court found that Tender Loving Homecare, LLC, because it is a corporate entity owned and controlled exclusively by Ms. Haldane, has the right to rent out the property and act as the landlord. Further any issue of control between the two is not relevant to the present ejectment because there is no dispute between Ms. Haldane and Tender Loving Homecare, LLC that they have rented the dwelling unit to Ms. Baldwin and are bound by the terms and conditions of the lease between Ms. Baldwin and Tender Loving Homecare, LLC. As such, there was no basis to dismiss the action or deny the motion for rent escrow based on the identity of the property owner and the entity through which she leases the property.

On February 3, 2026, Ms. Baldwin filed a motion to reconsider the Rent Escrow Order based on weather-related delays that prevented her from attending the hearing, despite her reasonable efforts. The Court granted this motion in part, stayed the Rent Escrow Order, and set the matter for a new hearing.

This new hearing occurred on February 9, 2026. At that hearing Plaintiff and counsel and Ms. Baldwin attended. The Court took testimony from the parties. Defendant raised several issues at the hearing including allegations that her property had flooded, that there were dog issues, and issues with Ms. Haldane or her agents improperly coming on the property. Ms. Baldwin also made that allegation that Ms. Haldane's improper actions and failures to repair caused Ms. Baldwin to lose her vouchers. These allegations, however, were contradicted by Ms. Baldwin's own exhibits that appear to indicate that the Housing Authority's decision to end her vouchers were based on Ms. Baldwin's behaviors.

The Court found that at a minimum Ms. Baldwin's defenses and crossclaims were factually contested and would require a final factual determination. In the meantime, the Court found, for purposes of the Rent Escrow Order, no basis under 12 V.S.A. § 4853a to deny Plaintiff's request, which with the additional month had raised the unpaid amount due under the statute to $4,474. The Court sought from Ms. Baldwin a date that this amount could be paid. Ms. Baldwin agreed that February 24, 2026 would work, and the Court set this as the date for the rent escrow deadline. The Court issued a Rent Escrow Order this effect on February 9, 2026.

Ms. Baldwin did not make her payment under the Rent Escrow Order, and on February 25, 2026, Tender Loving Homecare, LLC filed a request for a writ of possession consistent with 12 V.S.A. § 4853a(h). The Court, as required and once it confirmed that the escrow payment had not been made, granted the motion, and the Court Clerk issued the writ of possession.[2]

---

[2] As laid out in Section 4853a(h), the decision to issue a writ of possession is framed by the legislature as a non-discretionary act. The statute states that "[i]f a tenant fails to pay rent into court in the amount and on the dates ordered by the court, the landlord **shall** be entitled to judgment for immediate possession of the premises." 12 V.S.A. § 4853a(h) (emphasis added). In this case, there is no dispute that Ms. Baldwin has not paid any money into Court either before or after the deadlines set by the Court. Instead, the central question that Ms. Baldwin raises is whether there is any basis to reconsider the Rent Escrow Order or otherwise stay its effect.

On March 12, 2026, Ms. Baldwin filed the present motion, which seeks to reconsider the Rent Escrow Order and to stay any payments. Ms. Baldwin's arguments are effectively four: (1) she blames Tender Loving Homecare, LLC and Ms. Haldane for the loss of Ms. Baldwin's housing voucher; (2) she wishes to put forward additional evidence about habitability; (3) she argues that the Tender Loving Homecare, LLC as landlord and Haldane as owner of the property issue should be fatal to the action; and (4) she claims that Tender Loving Homecare, LLC is holding a security deposit of $6,000 that should be applied to her rent escrow.

The first three arguments offered by Ms. Baldwin are effectively a restatement of issues that this Court has considered and has found either irrelevant to the present eviction or disputed and a matter for the final merits of the case. Ms. Baldwin's motion does not provide new evidence or a compelling reason to reconsider these points or disturb the Court's prior decision. As such, the Court finds no basis to disturb the Rent Escrow Order or to stay the Writ of Possession.

The last argument, which the Court understands to be a new issue is Ms. Baldwin's argument that the outstanding balance behind the present writ should be cured by applying an alleged security deposit of $6,000 to the balance. Setting aside the existence of this alleged security deposit that is being raised at this late juncture, the problem with Ms. Baldwin's argument is that the overall amounts due on the lease exceed the security deposit. Normally, a Plaintiff seeking a rent escrow order does not have to exhaust or apply the security deposit to the rent escrow amount. 12 V.S.A. § 4853a; see also 9 V.S.A. § 4461 (noting the various purposes for which a security deposit may be applied). Additionally, use of a security deposit is not triggered until after the tenant vacates the dwelling unit. 9 V.S.A. § 4461. For these reasons, the Court does not find a legal or compelling basis to cancel the rent escrow based on the alleged security deposit. That said, the deposit remains for any claims for damages that Plaintiff may make, and it is still subject to the notice provisions of Section 4461.

In summary, the Court finds no basis under V.R.C.P. 59, 12 V.S.A. § 4773, or any other grounds to reconsider or reopen either the February 9, 2026 Rent Escrow Order or the subsequent Order pursuant to 12 V.S.A. § 4853a(h) to grant Plaintiff's request for a writ of possession for non-compliance with the Rent Escrow Order. Therefore, Defendant Baldwin's Motions for Reconsideration, a Stay, and to Redeem are **Denied** as a matter of law.

**So Ordered.**

Electronically signed on 3/12/2026 2:36 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge