## Jeanne B. Kennedy v. Robert Chittenden, City of South Burlington, and Board of Civil Authority

[457 A.2d 626]

No. 83-016

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed January 21, 1983

*Kaplan, Geiszler & Sharp*, Burlington, for Plaintiff.

*Gravel, Shea & Wright, Ltd.*, Burlington, for Chittenden.

*Spokes, Foley & Obuchowski*, Burlington, for City of South Burlington and Board of Civil Authority.

**Per Curiam.** This is an election contest first started as a recount under 17 V.S.A. §§ 2601 and 2602. That recount appeared to confirm the narrow victory of the defendant Chittenden, whereupon a contest was initiated before Chittenden Superior Court, on the basis of asserted checklist irregularities, under the authority of 17 V.S.A. § 2603. The court below held a hearing, took evidence and made findings of fact and conclusions of law. The judgment order issued based on these findings called for a new election for the Chittenden District 6-2 seat.

The procedures outlined in 17 V.S.A. § 2603 were followed and the new election scheduled as provided in § 2603(e). 17 V.S.A. § 2604 provides that nothing in these contested election statutes is to abridge the provisions of Chapter II, § 14 of the Vermont Constitution which reads in part:

> Section 14. The Representatives so chosen . . . shall have power to . . . judge of the elections and qualifications of their own members . . . .

This provision places the final determination of the election and qualifications of its members exclusively in the House of Representatives of the General Assembly as a part of its legislative powers.

The provisions of 17 V.S.A. §§ 2603 and 2617,[1] insofar as they relate to elections to the House of Representatives, are an improper delegation of legislative powers to a separate branch of government, to wit, the judicial branch, contrary to the separation of powers doctrine set forth in Chapter II, § 5 of the Vermont Constitution. It provides:

> Section 5. The Legislative, Executive, and Judiciary departments, shall be separate and distinct, so that neither exercise the powers properly belonging to the others.

A further doctrinal difficulty arises from the lack of finality of the judicial adjudication contemplated under 17 V.S.A. § 2603. Whatever result reached is subject to total revision or reversal by the exercise by the General Assembly of its acknowledged constitutional power over its own members as already noted under Chapter II, § 14. Such power of revision, whether exercised or not, represents a further intrusion prohibited by the doctrine of separation of powers and also runs contrary to the precept that the exercise of judicial authority must lead to a final enforceable result and not be merely informative or advisory. *In re Constitutionality of House Bill 88*, 115 Vt. 524, 64 A.2d 169 (1949).

Moreover, "[c]ourts do not look with favor on the making of orders that are subject to be set at naught or avoided at

---

[1] 17 V.S.A. § 2617 purports to confer general jurisdiction on the superior court "to hear and determine matters relating to elections and to fashion appropriate relief."

the legitimate option of the party against whom the order is directed." *State Highway Board* v. *Loomis*, 122 Vt. 125, 132, 165 A.2d 572, 577 (1960).

■ Accordingly, we hold that the action below, instituted by plaintiff against defendants, has no support in law. The court was without jurisdiction to hear and determine the cause as stated in the complaint; accordingly, the order dated January 4, 1983, mandating a new election to be held on January 25, 1983, should be vacated and the complaint is to be dismissed.

*The order in the above-captioned case dated January 4, 1983, ordering a new election on January 25, 1983, is vacated and the complaint and cause are dismissed as being without jurisdictional basis.*