VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-04565

---

**Bruce Busa v. Jonathan Cooper**

---

## ENTRY REGARDING MOTION

Title:        Motion for Revote in Town of Pownal (Motion: 1)
Filer:        Janssen Willhoit
Filed Date:    November 14, 2024

Petitioner Bruce Busa seeks an order for a town-wide revote for the Town of Pownal only for the Bennington-1 House District.

Petitioner filed his Petition for Recount on November 8, 2024, pursuant to 17 V.S.A. § 2602 stating "I do hereby request a recount of votes."

Later in the petition, Petitioner argues that an error in the distribution of ballots led to the tainted vote and expresses his belief that a "re-vote in Pownal District 1 only would be reasonable to me for my race."

In his motion, Petitioner repeats this request for "a town-wide revote for the town of Pownal for the Bennington-1 House District."

In *Kennedy v. Chittenden*, 142 Vt. 397 (1983), the Vermont Supreme Court considered whether the Superior Court could order a new election on the basis of asserted checklist irregularities, under the authority of 17 V.S.A. § 2603, and held that the Superior Court was without authority to order a new election: "Accordingly, we hold that the action below, instituted by plaintiff against defendants, has no support in law. The court was without jurisdiction to hear and determine the cause as stated in the complaint; accordingly, the order dated January 4, 1983, mandating a new election to be held on January 25, 1983, should be vacated and the complaint is to be dismissed." *Id*. at 400.

In his motion, Petitioner states: "This race is in dispute because of an error in Pownal's checklist, which placed voters in the wrong voting district. When Mr. Busa became aware of this error, he requested a recount as the Statute did not provide a means to request a revote because of this error in Pownal."

Chapter II, § 14 of the Vermont Constitution reads in part:

Section 14. The Representatives so chosen ... shall have power to ... judge of the elections and qualifications of their own members ....


Vermont Superior Court
Filed 11/15/24
Bennington Unit

This Constitutional provision places the final determination of the election and qualifications of its members exclusively in the House of Representatives of the General Assembly as a part of its legislative powers. See *Kennedy*, 142 Vt. at 399.

This conclusion is supported by 17 V.S.A. § 2605 which provides that a "candidate for the office of Representative to the General Assembly in the general election, … may request the House of Representatives to exercise its constitutional authority to judge the elections and qualifications of its own members, by filing a written request with the Secretary of State specifying the candidate or candidates whose election is being challenged." The statute sets forth the process for resolving any such request.

For these reasons, the motion is denied.

**Signed Electronically on November 15, 2024 pursuant to V.R.E.F. 9(d).**

_____
**David Barra**
**Superior Court Judge**