Vermont Superior Court
Filed 07/09/25
Orange Unit

VERMONT SUPERIOR COURT
Orange Unit
5 Court Street
Chelsea VT  05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-04754

| H. Paige v. Sarah Copeland-Hanzas et al |
| --- |

## ENTRY REGARDING MOTION

Title:           Motion to Reconsider  (Motion: 4)
Filer:           H. Brooke Paige
Filed Date:   June 09, 2025

The motion is DENIED.

Plaintiff Paige seeks reconsideration of the Court's May 20, 2025 dismissal of his complaint. Plaintiff's motion to reconsider filed a motion to reconsider on June 9, 2025, but he did not file a brief in support of this motion until June 30, 2025.  A motion to reconsider "is addressed to the sound discretion of the trial court . . ." *Chelsea Ltd. P'ship v. Town of Chelsea*, 142 Vt. 538, 540 (1983). Plaintiff's motion fails for three reasons.

First, Plaintiff's brief is untimely.  The Court's decision dismissing his complaint issued on May 20, 2025.  This decision constituted a final judgment under Rule 54(a).  Under Rule 59(b), a motion to alter or amend a judgment must be filed within 28 days of the final judgment.  In this case, that date was June 17, 2025.  On June 9, 2025, Plaintiff filed a two-page document entitled *Plaintiff's Motion for Reconsideration of the Decision of Judge Richardson Dated 05/20/25*. This Motion was incomplete as it did not contain any argument or reasoning to support the motion.  Instead, Plaintiff unilaterally notified the Court that he would not file his brief in support of his motion until June 30, 2025.

The Court did not approve this delay, and as the State notes, Rule 6(b)(2) does not permit the Court to extend the time to file such a motion.  V.R.C.P. 6(b)(2); see also 11 C. WRIGHT & A.MILLER, FED. PRAC. & PROCED. CIVIL § 2817, n.9 (3d ed. 2025 update) ("The court is not permitted to extend the time in which to make the [Rule 59] motion.").  This is because the purpose of Rule 59 is narrow and limited to allowing the Court to correct its errors or mistakes.  *Northern Sec.*

*Ins. Co. v. Mitec Electronics, Ltd.*, 2008 VT 96, ¶¶ 41–42. It is not an extended process, and it is not an opportunity to re-litigate what has already been decided. *Latouche v. N. Country Union High Sch. Dist.*, 131 F. Supp. 2d 568, 569 (D. Vt. 2001) ("'[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.'") (citing *Schroder v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (alteration in original)).

A motion to reconsider must specify the grounds on which it is based, and the moving party is obligated to put forward specific facts or legal analysis of "a strongly convincing nature." 11 C. WRIGHT & A.MILLER, FED. PRAC. & PROCED. CIVIL, at § 2817, n.1. While Plaintiff's June 9th filing was more than what the State characterizes as an intent to file a motion to reconsider, it is, without the June 30th brief, a facially insufficient motion, and it represents, at best, the first half of a motion to reconsider. Plaintiff's June 30th brief was effectively the second half of his motion, but it was filed in an untimely manner. By extension, the Court finds that Plaintiff's entire motion to reconsider was filed in an untimely manner. Plaintiff's tardy motion is not allowed as a matter of law under Rule 59. For this reason, Plaintiff's motion is **Denied.**

Even if the Court had the authority to allow the June 30th filing, review of this filing leads to the second basis for denying Plaintiff's motion. The motion, like Plaintiff's underlying complaint, does not establish the grounds for the relief that he seeks because of the lack of standing and mootness. In his June 30th brief, Plaintiff contends that his complaint seeks to have the Court rule that the Secretary of State actions concerning the Town of Washington's Justice of the Peace Election exceeded her authority. To this end, Plaintiff lists five separate categories of wrongdoing that he contends the Secretary committed in the 2024 Justice of the Peace Election.

As the Court explained in its May 20th decision, standing requires more than alleged bad behavior and a desire to have the other side admonished. The constitutional minimum for standing requires:

> (1) the plaintiff must have suffered an injury in fact, i.e., an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (internal quotation marks omitted); see also *Martel v. Condos*, 487 F.Supp.3d 247, 251–52 (D. Vt. 2020) (quoting *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 184 (2d Cir. 2020) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

In this case, Plaintiff might have had standing *after* the Secretary of State announced the decision not to place the candidates for the Town of Washington on the ballot that her office was preparing, but *before* the election was conducted. See *Republican Party of Pennsylvania v. Degraffenreid*, 141 S.Ct. 732, 736–37 (2021) (Thomas, J. dissenting) (noting that post-election review by a court is ill-suited to reviewing issues involving the conduct of an election because "It generally cannot restore the state of affairs before an election."). If Plaintiff had sought a pre-election injunction or ruling concerning the rejection of his and other's nominations, then the Court would have had both an injury in fact (refusal to include an otherwise qualified candidate from the ballot) and a remedy (restoration of their names) that it could have considered. 17 V.S.A. § 2617; see *Anderson v. Celebrezze*, 460 U.S. 780, 783 (1980) (noting that a candidate received an injunction to add his name to a general election ballot from which he claimed to have been wrongfully excluded).

Instead, Plaintiff chose a different route. He chose to allow the election to go forward and focused on his write-in campaign. Plaintiff and the entire slate of candidates were successful, and they were re-elected. This puts the case in a different posture. Section 2603 governs the review and certification of elections and provides the Court with authority to remedy discrepancies in election procedures with remedies that involves either altering, de-certifying, or otherwise undoing all or part of an election. 17 V.S.A. § 26034; but see *Kennedy v. Chittenden*, 142 Vt. 397, 399–400 (1983) (limiting the Court's authority to apply Section 2603 to races involving candidates for the Vermont General Assembly). In this case, Plaintiff does not seek to alter or set aside the results from the election.

Instead, he seeks judicial review of the Secretary's actions and a determination of whether such actions were authorized, and if not, then an order that would admonish the Secretary for taking such actions and directing her not to take such actions in the future. This is not a remedy envisioned by Section 2603. Rather it is closer to an action or investigation that the Attorney General might take. 3 V.S.A. § 152; see also *State v. Wheel*, 155 Vt. 587, 593 (1991) (noting that Section 152 gives the Attorney General inquest powers to review and investigate actions by government officials outside of their authority).

Yet, because no statute authorizes such an action by a private actor, the issue of standing is not resolved by simply pointing to actions that are alleged to exceed the Secretary's authority. Now that the election has been completed, and Plaintiff has been re-elected, the actual harm that was pending in the time after the Secretary's office determined not to include his name on the ballot and before the election was conducted, has been resolved. Plaintiff's actual injury has not only been cured by the write-in process, but any remedy available at this juncture would not address his actual injury. In effect, Plaintiff lost his standing, and his complaint became moot with the conduct of the election and his successful re-election. *State v. Paige*, 2017 VT 54, ¶ 7. Plaintiff no longer has standing to bring his claims as there is no current actual injury or remedy that would address the injury specific to Plaintiff.[1] For this separate reason, Plaintiff's motion to reconsider is **Denied.**

Third, as noted in the underlying dismissal, the facts of the case do not lend themselves to any of the exceptions to the mootness doctrine. *Paige* 2017 VT 54, at ¶¶ 10, 11. As noted in the original decision, the facts giving rise to this claim were unique, and there is no evidence that they are capable of repetition. In particular, this case arose because of transitional issues with the software used by the Town Clerk to enter the candidates and their political affiliation; how the nominees were selected and the political affiliation was designated; and even whether Plaintiff intends to run again or chair the next nominating slate. All of these variables contributed to the specific series of decisions underlying Plaintiff's complaint that if altered would result in a different outcome. Plaintiff cannot demonstrate that this claim fits within the mootness exception. Id. at ¶ 11 (citing *Price v. Town of Fairlee*, 2011 VT 48, ¶ 6). For these reasons, Plaintiff's motion to reconsider is **Denied**.

Finally, Plaintiff suggests in his filing that the Court is authorized to issue advisory opinions. To that argument, he offers no legal support, but he seeks to distinguish the present case from a 1949 Vermont Supreme Court decision involving advisory opinions. *In re Constitutionality of House Bill 88*, 115 Vt. 524, 529 (1949). Plaintiff's efforts are unavailing. The Vermont Supreme Court has made clear in multiple cases that the Court may not issue advisory opinions. See, e.g., *Doe v. Department for Children and Families*, 2020 VT 79, ¶ 10 (distinguishing between prohibited advisory opinions and declaratory judgment actions); *In re Investigation into Programmatic Adjustments to Standard-*

---

[1] The Court has blended its standing and mootness analysis as they are effectively two sides to the same coin. Mootness arises when events overtake any initial basis for standing that either existed before or at the start of the case but is now lost. *Houston v. Town of Waitsfield*, 2007 VT 135, ¶ 5 (mem.).

*Offer Program*, 2018 VT 52, ¶ 13 (collecting cases). In each instance, the Court has reaffirmed that parties have an obligation to establish and maintain standing to bring an action before the Court. See *Anderson v. State*, 168 Vt. 641, 644 (1998) (mem.) (noting that in assessing standing the Court must distinguish the probable from what is merely possible).

## **ORDER**

Based on the foregoing, Plaintiff's Motion to Reconsider is **Denied** as untimely and on the merits of his argument. The present action remains **Dismissed**.

Electronically signed on 7/9/2025 1:24 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge